IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BRENDAN R. DASSEY,

    Petitioner,

    v.                                 Case No. 14-cv-1310

BRIAN FOSTER, Warden,
Green Bay Correctional Institution,

    Respondent.

ANSWER OPPOSING PETITION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO U.S.C. 28 § 2254

Respondent, by undersigned counsel, pursuant to this court's Rule 4 order of November 12, 2014 (Dkt. 6), and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, answers petitioner Brendan R. Dassey's petition for a writ of habeas corpus as follows:

    1.    **ADMITS** that Dassey is in respondent's custody at the Green Bay Correctional Institution. Dassey's federal habeas petition challenges the legality of his confinement pursuant to a valid judgment of conviction entered in Manitowoc Circuit Court in Case No. 2006CF88 following a trial in which a jury found Dassey guilty of first degree intentional homicide, mutilation of a corpse, and second degree sexual assault with use of force, all as a party to a

crime, in the October 31, 2005 murder, sexual assault and corpse burning of Teresa Halbach. The trial court sentenced Dassey to a term of life imprisonment with eligibility for extended supervision in 2048. A copy of the judgment of conviction is attached to this answer as **Exhibit 1**. A copy of the case history in Case No. 2006CF88 from the Wisconsin Circuit Court Access Program is attached as **Exhibit 2**.

2. **ADMITS** that Dassey, by counsel, sought postconviction relief in Manitowoc County Circuit Court, and then appealed his conviction to the Wisconsin Court of Appeals in Case No. 2010AP3105-CR. The court of appeals affirmed the judgment of conviction in a January 30, 2013 per curiam decision and order, which Dassey has filed with his habeas petition and supporting brief. Dkt. 1-5. The following additional documents relevant to the court of appeals' proceedings are attached to this answer:

- **Exhibit 3**: The list of documents constituting the appellate record in Case No. 2010AP3105-CR.

- **Exhibit 4**: Dassey's brief-in-chief dated November 29, 2011, filed in the Wisconsin Court of Appeals.

- **Exhibit 5**: Dassey's appendix dated November 29, 2011, filed in the court of appeals.[1]

- **Exhibit 6**: The State's response brief dated March 20, 2012, filed in the court of appeals.

---

[1] Exhibit 5 is divided into two parts to accommodate the electronic filing size limits.

- 2 -

- **Exhibit 7**: Dassey's reply brief dated June 5, 2012, filed in the court of appeals.

3.  **ADMITS** that Dassey filed a petition for review in the Wisconsin Supreme Court, which was denied on August 1, 2013. The following documents relevant to the supreme court proceedings in Case No. 2010AP3105-CR, are attached to this answer:

- **Exhibit 8**: Dassey's petition for review dated February 21, 2013, filed in the Wisconsin Supreme Court.

- **Exhibit 9**: The State's response to the petition for review dated March 20, 2013, filed in the supreme court.

- **Exhibit 10**: The supreme court's order denying Dassey's petition, dated August 1, 2013.

4.  **ADMITS** that Dassey's October 20, 2014 petition for a writ of habeas corpus was timely filed within the AEDPA period of limitations.

5.  **ADMITS** that Dassey's petition for habeas relief is not a second or successive petition as contemplated by 28 U.S.C. § 2244.

6.  **ADMITS** that Dassey's petition for habeas relief is properly venued because Dassey is in custody in this court's district. *See* 28 U.S.C. § 2241(d).

7.  **ADMITS** that Dassey raises two grounds for relief in his petition discussed below.

8. **ADMITS** that Dassey has exhausted the claims contained in **Exhibit 4**. Except as so admitted, Respondent denies Dassey has exhausted any other claims.

9. **ALLEGES** that to obtain federal habeas relief from his Wisconsin convictions, Dassey must show that his state court custody is in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a). He also must prove that the Wisconsin courts, when rejecting the grounds for relief that he asserts in this habeas action, decided his claims in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

10. **DENIES** that Dassey is entitled to habeas relief for the following reasons:

A. **Ground One** of Dassey's petition, which alleges the Wisconsin Court of Appeals erred in denying his *Sullivan* claim that pre-trial counsel was ineffective for having a conflict of interest, must be rejected because, as the United States Supreme Court has explained, *Sullivan* is clearly established federal law only in cases of trial representation of multiple defendants; further, the court of appeals' decision is not based on an unreasonable determination of the facts.

In **Ground One**, Dassey alleges that pre-trial counsel had an actual conflict that affected pre-trial counsel's representation under *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Dassey points to pre-trial counsel's efforts in April and May 2006 intended to persuade Dassey to seek a plea agreement, which included tactics that ultimately resulted in Dassey making an uncounseled confession to police. Dkts. 1:6-7; 1-2:-9-18. At this point, Dassey had already confessed in a March 1, 2006 interview to participating with his uncle, Steven Avery, in the sexual assault, murder and corpse mutilation of Teresa Halbach. The second confession referenced in Dassey's petition was never introduced at trial. Only a phone call Dassey made to his mother after the confession outside of the presence of law enforcement was introduced, and then only on cross-examination. Pre-trial counsel was replaced by conflict-free successor counsel eight months before trial.

In the Wisconsin Court of Appeals, Dassey elected to present his claim of ineffective assistance as an "actual conflict" claim under *Sullivan*, rather than as a traditional claim of ineffective assistance under *Strickland v.*

- 5 -

*Washington*, 466 U.S. 668 (1984).  Applying a *Sullivan* analysis, the state court denied Dassey's claim, concluding that pre-trial counsel's actions did not amount to an "actual conflict," and counsel's advocacy was not "adversely affected," such that it was detrimental to Dassey's interests.  Dkt. 1-5:4-7.

As developed in the memorandum in opposition, Dassey is not entitled to relief on **Ground One** of his petition because *Sullivan* is not "clearly established federal law" for cases, such as this, in which the alleged conflict involves the claim that pre-trial counsel had a conflict, and such counsel was replaced by conflict-free counsel long before trial.  *Sullivan* is clearly established law only for conflicts arising from counsel's representation of multiple defendants—and the United States Supreme Court itself all but said so in *Mickens v. Taylor*, 535 U.S. 162, 174-75 (2002), by stating that "the language of *Sullivan* does not clearly establish, or indeed even support" the "unblinking[]" expansion of *Sullivan* to "all kinds of alleged attorney ethical conflicts."  Dassey is therefore not entitled to habeas relief on **Ground One** under 28 U.S.C. § 2254(d)(1).

In his memorandum, Dassey also alleges that the state court's decision on his *Sullivan* claim rests on an unreasonable determination of the facts.  Dkt. 1-2:17-18.  However, because Dassey's *Sullivan* claim is not based on clearly established Federal law, Dassey is not entitled to relief for the unreasonable determination of the facts made by the state court in deciding a

claim not recognized in federal habeas. Even if relief were available under 28 U.S.C. § 2254(d)(2) in these circumstances, Dassey fails to show that the state court's decision was based on an unreasonable determination of the facts for the reasons provided in the Respondent's memorandum. Dassey is therefore not entitled to habeas relief on **Ground One** under § 2254(d)(2).

> B. **Ground Two** of Dassey's petition, which alleges Dassey's March 1, 2006 confession was involuntary, must be rejected because the Wisconsin Court of Appeals' decision rejecting his involuntariness claim was not contrary to, nor an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts.

In **Ground Two**, Dassey maintains that his March 1, 2006 confession was involuntary because his age and intelligence made him particularly susceptible to law enforcement pressure, and police coerced his confession by making promises of leniency, questioning him four times within two days without an adult present, and feeding him facts about the crime. Dkts. 1:7-8; 1-2:18-29. The Wisconsin Court of Appeals rejected this claim, upholding the trial court's findings of fact, which addressed Dassey's age and intelligence and other personal characteristics, and concluded that Dassey had not shown police coercion. The state court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Dassey is not entitled to federal habeas relief on **Ground Two** under 28 U.S.C. § 2254(d)(1).

- 7 -

Further, Dassey argues in his memorandum that the state court's decision was based on two unreasonable determinations of the facts. Dkt. 1-2:18-23. These arguments are meritless for the reasons set forth the Respondent's memorandum. Accordingly, Dassey is not entitled to federal habeas relief on **Ground Two** under 28 U.S.C. § 2254(d)(2).

11. **ALLEGES** that the Wisconsin Court of Appeals' dispositions of Dassey's claims are both consistent with established federal law and based on a reasonable determination of the facts.

12. **DENIES** that Dassey is in custody in violation of the laws, treaties, or Constitution of the United States.

## TRANSCRIPTS AND OTHER RECORDS

The following transcripts and other records in *State of Wisconsin v. Brendan R. Dassey*, Manitowoc County Circuit Court Case No. 2006CF88 may be relevant and are filed with this answer. This list includes all records cited in Dassey's brief in support of his petition. Exhibits 1-42 are being electronically filed with this answer. Exhibits 43-45 are DVD and CD copies of DVD and CD recordings introduced in state court, and will be sent this week to the court via U.S. mail.

- **Exhibit 11**: Transcript of Motion Hearing on Dassey's Motion to Suppress Statements, May 4, 2006 (Record 45 in 2010AP3105-CR).

- **Exhibit 12**: Transcript of Decision on Suppression Motion, May 12, 2006 (Record 46).

- **Exhibit 13**: Transcript of Motion Hearing on Withdrawal of Pre-Trial Counsel, August 25, 2006 (Record 49).

- **Exhibit 14**: Transcript of Day One of Jury Trial, April 16, 2007 (Record 113)

- **Exhibit 15**: Transcript of Day Two of Jury Trial, April 17, 2007 (Record 114).

- **Exhibit 16**: Transcript of Day Three of Jury Trial, April 18, 2007 (Record 115).

- **Exhibit 17**: Transcript of Day Four of Jury Trial, April 19, 2007 (Record 116).

- **Exhibit 18**: Transcript of Day Five of Jury Trial, April 20, 2007 (Record 117)

- **Exhibit 19**: Transcript of Day Six of Jury Trial, April 21, 2007 (Record 118).

- **Exhibit 20**: Transcript of Day Seven of Jury Trial, April 23, 2007 (Record 119).

- **Exhibit 21**: Transcript of Day Eight of Jury Trial, April 24, 2007 (Record 120).

- **Exhibit 22**: Transcript of Day Nine of Jury Trial April 25, 2007 (Record 121).

- **Exhibit 23**: Transcript of February 27, 2006 Police Interview of Brendan Dassey (Trial Exhibit) (Record 79:215).

- **Exhibit 24**: Transcript of March 1, 2006 Police Interview of Brendan Dassey (Trial Exhibit) (Record 79:216).

- **Exhibit 25**: Transcript of Day One of Postconviction Motion Hearing, January 15, 2010 (Record 189).

- **Exhibit 26**: Transcript of Day Two of Postconviction Motion Hearing, January 19, 2010 (Record 190).

- **Exhibit 27**: Transcript of Day Three of Postconviction Motion Hearing, January 20, 2010 (Record 191).

- **Exhibit 28**: Transcript of Day Four of Postconviction Motion Hearing, January 21, 2010 (Record 192).

- **Exhibit 29**: Transcript of Day Five of Postconviction Motion Hearing, January 22, 2010 (Record 193).

- **Exhibit 30**: Supplemental Report, Calumet County Sherriff's Department, February 27, 2006 (Postconviction Hearing Exhibit) (170:11).

- **Exhibit 31**: News article about Steven Avery Exoneration for 1985 Sexual Assault (Postconviction Hearing Exhibit) (Record 170:15).

- **Exhibit 32**: Copy of Email from Defense Investigator Michael O'Kelly to Pre-trial Counsel Len Kachinsky, May 9, 2006 (Postconviction Hearing Exhibit) (Record 170:66).

- **Exhibit 33**: Transcript of May 13, 2006 Police Interview of Brendan Dassey (Postconviction Hearing Exhibit) (Record 170:69).

- **Exhibit 34**: Transcript of Phone Call from Brendan Dassey to Barbara Janda, May 13, 2006, (Postconviction Hearing Exhibit) (Record 170:70).

- **Exhibit 35**: Defense Chart Re: Select Statements Made by Dassey in March 1, 2006 Confession (Postconviction Hearing Exhibit) (Record 170:87)

- **Exhibit 36**: Memo on Receipt of Trace Evidence Unit Examination of Halbach Remains, Investigator Mark Wiegert, February 28, 2006 (Postconviction Hearing Exhibit) (Record 170:91).

- **Exhibit 37**:  Transcript of Brendan Dassey Interview with Defense Investigator Michael O'Kelly, May 12, 2006 (Postconviction Hearing Exhibit) (Record 170:97).

- **Exhibit 38**:  Transcript of Media Statements by Pre-trial Counsel Len Kachinsky (Postconviction Hearing Exhibit) (Record 173:321).

- **Exhibit 39**:  Copy of Email from Pre-Trial Counsel Len Kachinsky to Police Investigator Mark Wiegert, May 5, 2006 (Postconviction Hearing Exhibit) (Record 173:338).

- **Exhibit 40**:  Copy of Notes of Conversation Between Defense Investigator Michael O'Kelly and Pre-Trial Counsel Len Kachinsky, April 23, 2006 (Postconviction Hearing Exhibit) (Record 173:353).

- **Exhibit 41**:  Copy of Email from Pre-Trial Counsel Len Kachinsky to Agent Tom Fassbender, May 12, 2006 (Postconviction Hearing Exhibit) (Record 173:356).

- **Exhibit 42**:  Memorandum Decision and Order of Manitowoc County Circuit Court Denying Dassey's Motion for Postconviction Relief, December 13, 2010 (Record 206).

- **Exhibit 43**:   DVD Copy of DVD Recording of Brendan Dassey's March 1, 2006 Confession (Discs 1-3) (Trial Exhibit) (Postconviction Hearing Exhibit) (Records 79:213; 170:210).

- **Exhibit 44**:   DVD Copy of DVD Recording of Defense Investigator Michael O'Kelly's May 12, 2006 Conversation with Brendan Dassey (Postconviction Hearing Exhibit) (Discs 1-3) (Record 173:95).

- **Exhibit 45**:  CD Copy of CD Recording of Brendan Dassey's May 13, 2006 Phone Conversation with Brenda Janda (Postconviction Hearing Exhibit) (Record 173:238).

All other transcripts and records not filed with this answer are indicated in **Exhibit 3**, the list of documents constituting the appellate record in state court. Some of these documents are not in the respondent's possession, but are presumably available from the circuit court. If ordered by this court, Respondent will locate and file copies of any of these records.

## CONCLUSION

For the reasons set forth above and in the brief in opposition to the petition, the Respondent submits that the Wisconsin Court of Appeals decided Dassey's *Sullivan* and voluntariness claims in a decision that was not contrary to, and did not unreasonably apply, clearly established federal law, and was not based on an unreasonable determination of the facts. Dassey is therefore not entitled to habeas relief under 28 U.S.C. § 2254(d) on either ground set forth in his petition.

Dassey is also not entitled to an evidentiary hearing on either ground because he fails to either meet the limited criteria for such a hearing under 28 U.S.C. § 2254(e)(2), or show what new evidence not already presented at the exhaustive state pre-trial and postconviction hearings would advance his claims. *See Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998) (overruled on other grounds by *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000) (en banc).

Accordingly, Respondent respectfully asks this court to **DENY** and **DISMISS** Dassey's petition, and **DENY** a certificate of appeallability.

Dated this 4th day of May, 2015.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General


 */s/ Jacob J. Wittwer*_____
JACOB J. WITTWER
Assistant Attorney General
State Bar #1041288

Attorneys for Respondent


Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1606
(608) 266-9594 (Fax)
wittwerjj@doj.state.wi.us