# State of Wisconsin vs. Brendan R. DASSEY

# Manitowoc County Case Number 2006CF000088

## Court Record Events

| | Date | Event | Court Official | Court Reporter |
|---|---|---|---|---|
| 1 | 10-16-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - BRITESPARKFILMS

---

| | | | | |
|---|---|---|---|---|
| 2 | 07-23-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Reproduction costs and postage Billing Statement - Labor

---

| | | | | |
|---|---|---|---|---|
| 3 | 07-15-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Manitowoc County-GIS Check Instruction Form - Manitowoc County-Postage Billing Statement - Labor

---

| | | | | |
|---|---|---|---|---|
| 4 | 07-14-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Photo Prints

---

| | | | | |
|---|---|---|---|---|
| 5 | 06-23-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Postage

---

| | | | | |
|---|---|---|---|---|
| 6 | 06-19-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Photo reprint

---

| | | | | |
|---|---|---|---|---|
| 7 | 05-21-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - Postage for DVDs

---

| | | | | |
|---|---|---|---|---|
| 8 | 05-20-2014 | Other papers | | |

**Additional Text:**

Check Instruction Form - (4) DVD duplications

---

| | | | | |
|---|---|---|---|---|
| 9 | 04-04-2013 | Order | Fox, Jerome L | |

**Additional Text:**

Case 1:14-cv-01310-WED    Filed 05/04/15    Page 1 of 31    Document 19-2

Order from the Supreme Court of Wisconsin dated 04-02-13 ordering that the motion for leave to file a reply in support of the petition for review is granted. Defendant-appellant's reply in support of the petition for review is accepted for filing.

| | | |
|---|---|---|
| 10 | 03-06-2013 | Notice |

**Additional Text:**

Notice received from the Wisconsin Supreme Court that they are in receipt of the Petition for Review.

| | | |
|---|---|---|
| 11 | 01-31-2013 | Court of Appeals decision & order affirming |

| | | |
|---|---|---|
| 12 | 04-05-2012 | Motion |

**Additional Text:**

Motion to Extend Time to File Reply Brief.

| | | |
|---|---|---|
| 13 | 03-06-2012 | Motion |

**Additional Text:**

Motion to Enlarge Time for Filing of Brief.

| | | |
|---|---|---|
| 14 | 02-02-2012 | Motion |

**Additional Text:**

Motion to Enlarge Time for Filing of Brief.

| | | |
|---|---|---|
| 15 | 01-04-2012 | Motion |

**Additional Text:**

Motion to Enlarge Time for Filing Brief.

| | | |
|---|---|---|
| 16 | 10-13-2011 | Motion |

**Additional Text:**

Motion to Extend Brief-In-Chief Word Limit.

| | | |
|---|---|---|
| 17 | 09-06-2011 | Motion |

**Additional Text:**

Motion to Extend Time to File Brief and Appendix.

| | | |
|---|---|---|
| 18 | 06-06-2011 | Other papers |

**Additional Text:**

Statement on Transcript.

| | | |
|---|---|---|
| 19 | 06-03-2011 | Notice |

**Additional Text:**

Notification of Supplemental Circuit Court Case Record.

20  06-01-2011  Motion

**Additional Text:**

Motion to Extend Time to File Brief and Appendix.

---

21  05-31-2011  Transmittal of record to court of appeals

**Additional Text:**

Supplemental Transmittal of record to Court of Appeals. (Documents 210-212) Copies to counsel.

---

22  05-27-2011  Order                                    Fox, Jerome L

**Additional Text:**

Order from the Court of Appeals dated 05-26-11 ordering that no later than June 7, 2011, statement on transcript for the January 12 and January 14, 2010 transcripts shall be filed. It is further ordered that the motion to supplement the record on appeal is granted. The clerk of circuit court shall transmit the transcripts to the clerk of this court by supplemental return within seven days of the date the last transcript is filed in the circuit court. It is further ordered that the appellant's brief shall be filed within thirty days of date the clerk of this court receives the supplemental return.

---

23  05-20-2011  Transcript

**Additional Text:**

Transcript of oral ruling held on 01-14-10. Transcript of motion hearing held on 01-12-10.

---

24  05-18-2011  Motion

**Additional Text:**

Motion to Supplement the Record.

---

25  01-31-2011  Notice

**Additional Text:**

Notification of Filing of Circuit Court Record.

---

26  01-27-2011  Other papers

**Additional Text:**

Receipt of Court File. File delivered to the Clerk of Ciourt of Appeals and received there at 11:42 a.m.

---

27  01-27-2011  Transmittal of record to court of appeals

**Additional Text:**

Record delivered to the Clerk of Court of Appeals by Deputy Johnson and Deputy Bushman from the Manitowoc County Sheriff's Department.

---

28  01-06-2011  Notice of compilation of record

**Additional Text:**

Mailed to Attorney Fallon, Attorney Dvorak, Attorney Nirider and Attorney General's office.

---

| 29 | 12-28-2010 | Notice |

**Additional Text:**

Notice of Appeal and Circuit Court Record.

---

| 30 | 12-22-2010 | Notice of appeal transmittal |

**Additional Text:**

Copy of Notice of Appeal and court record entries attached. Copies to counsel.

---

| 31 | 12-22-2010 | Other papers |

**Additional Text:**

Statement on Transcript.

---

| 32 | 12-22-2010 | Notice of appeal |

---

| 33 | 12-14-2010 | Decision | Fox, Jerome L |

**Additional Text:**

Memorandum Decision and Order. The court has concluded for the reasons set forth in this opinion, that nothing done by his pretrial or trial counsel has rendered the result of Dassey's trial unreliable or the proceeding fundamentally unfair. Accordingly, the court denies Dassey's motions for a new trial and a new suppression hearing. The State is directed to draft the order reflecting the court's decision.

---

| 34 | 10-08-2010 | Order | Fox, Jerome L |

**Additional Text:**

Order from the Court of Appeals dated 10-07-10 ordering that the time for deciding the defendant's postconviction motion is extended to December 31, 2010.

---

| 35 | 10-06-2010 | Motion |

**Additional Text:**

Motion to Extend time to Decide Postconviction Motions.

---

| 36 | 07-28-2010 | Order | Fox, Jerome L |

**Additional Text:**

Order from the Court of Appeals dated 07-27-10 ordering that the time for deciding the defendant's postconviction motion is extended to 10-29-10.

---

| 37 | 07-28-2010 | Order | Fox, Jerome L |

**Additional Text:**

Order from the court of appeals dated 07-27-10 ordering that the time for deciding the defendant's postconviction motion is extended to 10-29-10.

---

| 38 | 07-26-2010 | Brief |

**Additional Text:**

Reply Brief in Support of Postconviction Motion.

| 39 | 07-26-2010 | Brief |

**Additional Text:**

Reply Brief in Support of Postconviction Motion.

| 40 | 07-23-2010 | Motion |

**Additional Text:**

Motion to Extend Time to Decide Postconviction Motions.

| 41 | 07-23-2010 | Motion |

**Additional Text:**

Motion to Extend time to Decide Postconviction Motions.

| 42 | 07-12-2010 | Brief |

**Additional Text:**

State's Brief in Opposition to Postconviction Motion.

| 43 | 06-30-2010 | Motion |

**Additional Text:**

Motion for Leave to Submit Supplemental Authority.

| 44 | 05-24-2010 | Brief |

**Additional Text:**

Brief in Support of Post-Conviction Motion; Affidavit of Mailing and Service.

| 45 | 05-19-2010 | Order | Fox, Jerome L |

**Additional Text:**

Order Correcting Transcript Language.

| 46 | 05-19-2010 | Motion |

**Additional Text:**

Agreed Motion to Correct Evidentiary Hearing Record.

| 47 | 05-10-2010 | Other papers |

**Additional Text:**

Amended cover page of day 8 of jury trial held on 04-24-07, dated 05-05-10 nunc pro tunc 05-03-07.

| 48 | 03-31-2010 | Other papers |

**Additional Text:**

Revised Exhibit 97. (During the motion hearing, the court indicated that Exhibit 97 would be received into evidence after it was revised)

49    03-24-2010    Transcript

**Additional Text:**

Transcript of day one of postconviction motion hearing held on 01-15-10. Transcript of day two of postconviction motion hearing held on 01-19-10. Transcript of day three of postconviction motion hearing held on 01-20-10. Transcript of day four of postconviction motion hearing held on 01-21-10. Transcript of day five of postconviction motion hearing held on 01-22-10.

---

50    03-01-2010    Order                                               Fox, Jerome L

**Additional Text:**

The Court enters the following orders: 1) the defense motion to amend its postconviction pleadings, to adjourn the proceedings and to order additional discovery is hereby DENIED for the reasons stated on the record, and most particularly because the court does not believe the substance of the motion involved newly discovered evidence nor does it raise an issue in which adjournment must be granted. 2) With respect to the State's motion in limine to bar the testimony of Dr. Honts, the court GRANTS this motion as it believes the offer of proof found in Dr. Honts' affidavit contains evidence and testimony not normally admitted in the State of Wisconsin as it pertains to the administration of a polygraph and its subsequent results. Therefore the court grants the state's motion to bar the testimony of Dr. Charles Honts. 3) With respect to the state's motion regarding the production of the four items mentioned in the privilege log, the court agrees with the defense and finds that these matters remain privileged and have no been waived by virtue of the postconviction filing alleging ineffective assistance of counsel; consequennly, the court DENIES the state's request for production. The court orders the state to turn over to the defense any copies of these privileged materials that may have been inadvertently disclosed to it.

---

51    02-11-2010    Exhibit

**Additional Text:**

Exhibit 374 received by the Court. A video of a March 7, 2006 NBC-26 news story that includes a portion of a phone interview with Len Kachinsky.

---

52    02-04-2010    Other papers

**Additional Text:**

Exhibit 373 - the transcript of the phone calls between Alan Avery and Brendan Dassey and between Barb Janda and Brendan Dassy which the State was instructed to have transcribed for the record. (Audio tapes were used during the motion hearing)

---

53    01-22-2010    Motion hearing                         Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

POSTCONVICTION MOTION (MACHNER) HEARING - DAY FIVE - Exhibit 374, stipulation as to Attorney Jerome Buting. Exhibit 372, Stipulation as to Deborah Smith. Testimony presented. Exhibit 315, transcript of summary video of 02-27, 03-01, 05-12 and 05-13. Exhibit 91, Calumet County Sheriff's Department report. Exhibit 209, Calumet County Sheriff's Department report. Exhibit 338, email from Kachinsky to Weigert copied to Kratz and O'Kelly. Exhibit 65, email from O'Kelly to Kachinsky. Exhibit 363, criminal investigation report. Exhibit 356, email from Kachinsky to Thomas Fassbender. Exhibit 69, transcript of police interrogation of Dassey. Exhibit 211, video of interrogation at Sheboygan County Juvenile Detention Center. Exhibit 97, transcript of video recording of O'Kelly metting with Dassey. During the testimony of Barb Tadych, the State played some audio clips which were between Brendan and his mother and Brendan and his grandfather. The Court questions whether there are transcripts of these clips. Attorney Kratz state there is not. The Court would like one prepared. Attorney Kratz will see that

this is done. Once prepared, the transcript will be marked as exhibit 373. Attorney Kratz moves to dismiss a portion of the postconviction motion which suggests ineffective assistance of counsel, of any attorney, relating to false confession and to exclude any testimony referring to false confession. He asks the Court not to accept any self-serving statements of Brendan Dassy and asks that these portions of the motion be denied at this time. The Court is not prepared to rule on an oral motion made at the conclusion of a five day hearing. He would prefer to set a briefing schedule after the transcripts have been prepared. It will take a while for the transcripts. Defendant counsel would like at least 60 days after the transcript are done. State has 45 days to reply. 15 days for defense to repond. The Court sets a page limit for briefs at 40 pages and 20 pages for reply briefs. Exhibit List for Exhibits for Postconviction Motion Hearing that are contained in the five black binders, marked as exhibits 1 through 5 for this hearing.

---

54    01-21-2010    Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

POSTCONVICTION MOTION (MACHNER) HEARING - DAY FOUR - Testimony presented. Exhibit 61, resume of Michael O'Kelly. Exhibit 62, email from Len Kachinsky to Michael O'Kelly. Exhibit 63, telephone message taken by legal assistant on behalf of Len Kachinsky dated 04-11-06. Exhibit 56, crim scene and statement analysis invoice dated 04-03-06 through 05-16-06. Exhibit 231, polygraph charts dated 04-16-06. Exhibit 368, email from Len Kachinsky to O'Kelly dated 04-03-06. Exhibit 94, self interview form dated 04-16-06. Exhibit 362, Michael O'Kelly's notes dated 04-22-06. Exhibit 353, Michael O'Kelly's handwritten notes dated 04-23-06. Exhibit 64, email from Michael O'Kelly to Len Kachinsky dated 04-27-06. Exhibit 338, email from Kachinsky to Mark Wiegert copied to Ken Kratz and Michael O'Kelly dated 05-05-06. Exhibit 65, email from O'Kelly to Kachinsky dated 05-07-06. Exhibit 369, copy of email to Wiegert from O'Kelly dated 05-05-06. Exhibit 66, email chain between Kachinsky and O'Kelly dated 05-09-06 and 05-01-06. Exhibit 95, video recording of O'Kelly meeting with Dassey dated 05-12-06. Exhibit 97, transcript of video recording of O'Kelly meeting with Brendan Dassey dated 05-12-06. Exhibit 363, criminal investigation report. Exhibit 370, list relating to the interview between Dassey and O'Kelly dated 05-13-06. Exhibit 315, transcript of summary video of 02-27, 03-01, 05-12 and 05-13 interviews/interrogations. Exhibit 87, chart indentifing contamination of Dassey's March 1 confession.

---

55    01-20-2010    Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

POSTCONVICTION MOTION (MACHNER) HEARING - DAY THREE Testimony presented. There were some problems yesterday with exhibit 315. The problems have been fixed and renumbered. Counsel wish to substitute the corrected pages 8, 9, 10, 11 and 12 to reflect the correct numbering sequences. Court will order these pages substituted. Exhibits 101 through 204, 239-305 and 17-39, which are all media reports sent to Dr. Leo for his review. Exhibit 366, copy of artible entitled "Police Induced Confessions: Risk Factors and Recommendations. Exhibit 367, book entitled "Criminal Interrogation and Confessions". Exhibit 218, Motion to Suppress Statements; Motion to Reopen Hearing to Suppress Statement; Motion to Continue, dated November 10, 2006. Exhibit 219, Motion to Suppress Statement; Ineffective Assistance of Counsel Motion, dated November 10, 2006. Exhibit 229, email from Kratz to Fremgen dated November 30, 2006. Exhibit 340, email from Michael O'Kelly to Thomas Fassbender and John Dedering dated May 8, 2006. Exhibit 70, transcript of telephone call between Dassey and Barbara Tadych, dated May 13, 2006. Exhibit 238, audio recording of telephone call from Dassey to Barb Janda, dated May 13, 2006. Exhibit 72, letter from Mark Fremgen to Robert Gordon, dated October 10, 2006. Exhibit 215, letter from Robert Gordon to Mark Fremgen, dated November 15, 2006. Exhibit 217, breif in support of admissibility of expert, dated May 29, 2007. Exhibit 216, Motion in Limine; Defendant's Request to Introduce Expert Testimony re: Suggestibility dated February 22007. Exhibit 225, email from Jerome Buting to Mark Fremgen, dated 01-17-07. Exhibit 73, email from Jerome Buting to Mark Fremgen dated 01-17-07. Exhibit 77, email from Jerome Buting to Mark Fremgen, dated 04-06-07. Exhibit 78, email chain

between Mark Fremgen and Robert Gordon, dated between April 6, 2007 through April 8, 2007. Exhibit 79, email chain between Lawrence White and Mark Fremgen, dated April 11, 1007. Exhibit 74, email from Jerome Buting to Mark Fremgen, dated March 22, 2007.

---

56   01-19-2010   Motion hearing                           Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

POSTCONVICTION MOTION (MACHNER) HEARING - DAY TWO Testimony presented. Exhibit 363, investigation report. Exhibit 364, phone log. Exhibit 100, cirriculum vitae of Dr. Richard Le. Exhibit 316 Dr. Richard Leo expert witness testimony list. Exhibit 3, affidavit of Richard Leo. Exhibit 212, summary video of February 27, March 1, May 12 and May 13 interviews/interrogations. Exhibit 312, Chart of FOX-11 television news coverage. Exhibit 313, Chart of FOX-11 television news coverage. Exhibit 314, Chart of ABC television news coverage. Exhibit 315, Transcript of summary video of February 27, March 1, May 12 and May 13 interviews/interrogations. Exhibit 87, Chart identifying contamination of Brendan's March 1 confession. Exhibit 205, audio recording of interrogation at Mishicot High School. Exhibit 206 transcript of interrogation at Two Rivers High School. Exhibit 207, video recording of interrogation at Two Rivers police station. Exhibit 90, transcript of interrogation at Two Rivers police station. Exhibit 209, Calumet county Sheriff's Department report. Exhibit 210, video of interrogation at Manitowoc Police Department (3 DVD's). Exhibit 365, copy of North Carolina Law Review article written by Dr. Leo. At 4:32 p.m., the Court recesses for the evening.

---

57   01-18-2010   Other papers

**Additional Text:**

Privileged Communication Returned from the State. (Ordered Sealed by the Court)

---

58   01-15-2010   Motion hearing                           Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

MOTION FOR POSTCONVICTION (MACHNER) HEARING - DAY ONE The Court grants defense counsel's motion for sequestration of witnesses with the exception of Investigator Skorlinski and the defendant's mother only during the testimony of Agent Fassbender and Investigator Wiegert. Defense counsel has prepared and pre-marked five binders containing exhibits. The Court instructs the Clerk to mark the binders with exhibit stickers 1 through 5 and indicate which pre-numbered exhibits arre contained in each binder. Exhibit 1, binder 1, containing pre-marked exhibits 1-54. Exhibit 2, binder 2, containing pre-marked exhibits 55-99. Exhibit 3, binder 3, containing pre-marked exhibits 100-173. Exhibit 4, binder 4, containing pre-marked exhibits 174-239. Exhibit 5, binder 5, containing pre-marked exhibits 240-362. Attorney Drizin wishes to make a record that Mr. Kachinsky was subpoenaed for today's hearing and is not present as of yet. The Court has already granted the sequestration motion and Attorney Drizin asks that this order include the live-streaming video which is occurring in case Mr. Kachinsky is at home or at his office and is watching it. The sequestration order applies to the live video feed also. Testimony presented. Exhibit 310, NBC-26 Green Bay news transcript. Exhibit 343, email from Ken Kratz to Len Kachinsky. Exhibit 344, email from Ken Kratz to Len Kachinsky. Exhibit 338, email from Len Kachinsky to Mark Wiegert, copied to Ken Kratz and Michael O'Kelly. Exhibit 356, email from Len Kachinsky to Thomas Fassbender. Exhibit 317, NBC-26 Green Bay news transcript. Exhibit 55, State Public Defender billing records. Exhibit 306, ABC-2 Green Bay news transcript. Exhibit 40, Dassey's Attorney Says Plea Deal Among Possibilites - WISN. Exhibit 319, FOX-11 Green Bay news transcript. Exhibit 320, FOX-11 Green Bay news transcript. Exhibit 360, phone message from Mark Wiegert to Tom Fassbender. Exhibit 321, NBC-26 Green Bay news transcript. Exhibit 41, Nancy Grace (CNN Headline News television broadcast). Exhibit 322, FOX-11 Green Bay news transcript. Exhibit 359, Len Kachinsky's notes on Brendan's statements. Exhibit 323, ABC-2 Green Bay news transcript. Exhibit 324, ABC-2 Green Bay news transcript. Exhibit 325, FOX-11 Green Bay news transcript. Exhibit 315, transcript of summary video of February 27, March 1, May 12 and May 13

interviews/interrogations. (a clip of this interview with Wiegert and Fassbender is played at this time) Exhibit 326, CBS-5 Green Bay news transcript. Exhibit 347, letter from Len Kachinsky to Brendan Dassey. Exhibit 65, email from Michael O'Kelly to Len Kachinsky. Exhibit 350, email from Len Kachinsky to Brendan Dassey. Exhibit 94, self interview form. Exhibit 327, FOX-11 Green Bay news transcript. Exhibit 328, FOX-11 Green Bay news transcript. Exhibit 64, email from Michael O'Kelly to Len Kachinsky. Exhibit 361, Len Kachinsky's notes. Exhibit 339, email from Michael O'Kelly to John Dedering and Thomas Fassbender (subject: Linguistic Analysis Information) Exhibit 329, FOX-11 Green Bay news transcript. Exhibit 337, summary of Len Kachinsky media statements. Exhibit 212, summary video of February 27, March 1, May 12 and May 13 interviews/interrogations (one DVD - demonstrative exhibit) Exhibit 63, telephone message taken by legal assistant on behalf of Len Kachinsky. Exhibit 66, email chain between Len Kachinsky and Michael O'Kelly. The Court receives all exhibits except for 337 and 212 which the State has objections to. These two exhibits will be held in abeyance. The Clerk also indicates that she has exhibit 40 on her list. Attorney Dvorak states that he did refer to it briefly. The parties ask that this exhibit be taken up on Tuesday. The Court will reconvene on January 19, 2010 at 8:30 a.m.

---

59   01-14-2010   Order                                      Fox, Jerome L

**Additional Text:**

Court Order. It is ordered that: 1) The record of the ex parate proceeding that took place on June 30, 2009 is to be unsealed, although the following portion will be redacted; page 79, line 16 through and including page 80, line 2. Michael O'Kelly, by and through his counsel, may disclose matters related to the ex parte proceeding on June 30, 2009, with the exception of those portions of the proceeding that have been redacted. 2) Michael O'Kelly may speak about his activities on and prior to May 13, 2006 related to his work for Attorney Leonard Kachinsky in connection with the representation of Brendan Dassey. Mr. O'Kelly may not disclose any matters related to his work for Mr. Kachinsky on belalf of Mr. Dassey that occurred subsequent to May 13, 2006. 3) the four items described in the defendant's privilege log shall be turned over to the court for review in camera. 4) the remainder of the State's motion in limine to bar or limit the testimony of defense witnesses Michael O'Kelly, Charles Honts, and Leonard Kachinsky has been taken under advisement. The Court will consider the objections of the parties as the record is developed.

---

60   01-14-2010   Motion hearing                Fox, Jerome L      Hau, Jennifer K.

**Additional Text:**

CONTINUATION OF MOTION HEARING HELD ON 01-12-10 - The Court had reserved ruling on two motions from the hearing on 01-12-10 and now wants to finish that hearing. On the STATES MOTION IN LIMINE TO BAR TESTIMONY OF DR. HONTS, the Court has reviewed the cases which were cited by counsel. The Court finds the admissibility of the polygraph is not supported by anything in Wisconsin Law. Court grants the States motion. On the MOTION REGARDING THE PRIVILEGE LOG, defense counsel suggests that this is lawyer/client privilege or work product privilege. Defense turned over the exhibit in question for an in-camera inspection which has been done by the Court. The Court finds these items are privileged and falls under lawyer/client privilege. Court denies this motion. State to draft the orders. Attorney Kratz comments on privileged information. The State may ask that this issue be revisited during the motion hearing, if need be regarding Mr. Fremgen. Attorney Tepfer comments. The Court, on its own, sealed the privileged portions of exhibit 92.

---

61   01-12-2010   Motion hearing                Fox, Jerome L      Hau, Jennifer K.

**Additional Text:**

Defendant in custody on WRIT. The Court wants to first address defense counsels request to have the motions that were filed.filed under seal. Attorney Fallon states that it doesn't matter to him, but feels the request doesn't meet the requirements. The Court agrees and will not seal any of the motions. MOTION FOR LEAVE TO AMEND POSTCONVICTION MOTION; FOR AN

ORDER DIRECTING WITNESSES TO SUBMIT TO DISCOVERY; FOR POSTPONEMENT OF POSTCONVICTION HEARING AND FOR AN ORDER GRANTING A NEW TRIAL AND SUPPRESSION HEARING - The parties argue the motion. The Court comments. He has reviewed the motions, the briefs and the exhibits. The Court doesnt believe this to be newly discovered evidence and doesnt raise an issue in which this matter needs to be adjourned. No adjournment will be granted. The motion hearing will commence on Friday. The motion is denied. The State to draft the order. STATE'S MOTION IN LIMINE TO BAR AND LIMIT CERTAIN TESTIMONY - The parties aruge the motion. The Court comments and is comfortable with the ex parte motion being held without the presence of the State. The Court orders that the transcript of the 06-30-09 ex parte motion hearing be unsealed but the portions on page 79, line 16 to page 80, line 2 be redacted and remain sealed. The Court will take a look at the privilege log which the defense has in their possession. Regarding the testimony of Dr. Honts, the Court has not been able to review the case law that was cited and will reserve ruling on this portion of the motion. The gag order regarding Mr. O'Kelly is lifted. As to issues regarding barring or limiting certain testimony, as the record develops, the Court will take the objections of the State under advisement, so no ruling is made at this time. Attorney Nirider to draft the order. Attorney Drizin asks that Mr. Dassey appear at the motion hearing in street clothes and not handcuffed. Attorney Fallon objects to street clothes. That is usually allowed for someone presumed innocent. Mr. Dassey stands convicted of first degree murder. As far as the restraints, that should be up to the sheriff. The Court will allow the defendant to appear in civilian clothes, but will leave it to the Sheriff's Department as far as restraints are concerned.

---

62    01-12-2010    Motion

**Additional Text:**

Response to State's Motion in Limine to Bar and Limit Certain Testimony.

---

63    01-12-2010    Motion

**Additional Text:**

State's Motion in Limine to Bar and Limit Certain Testimony.

---

64    01-08-2010    Motion

**Additional Text:**

Emergency Motion for Leave to Amend Post-Conviction Motion; For an Order Directing Witnesses to Submit to Discovery; For Postponement of Post-Conviction Hearing; and For an Order Granting a New Trial and Suppressions Hearing. Motion to File Under Seal.

---

65    01-06-2010    Writ of Habeas Corpus                    Fox, Jerome L

**Additional Text:**

Writ Requiring Production and Transportation of Defendant.

---

66    01-06-2010    Motion

**Additional Text:**

Motion for Writ to Produce Defendant for Hearing.

---

67    12-22-2009    Notice

**Additional Text:**

Motion hearing is set for 01-04-10 at 9:45 a.m.

---

Case 1:14-cv-01310-WED    Filed 05/04/15    Page 10 of 31    Document 19-2

| 68 | 12-21-2009 | Motion |

**Additional Text:**

Motion to Compel Production of Witness Information and Requested Documents.

---

| 69 | 12-10-2009 | Order | | Fox, Jerome L |

**Additional Text:**

Order from the Court of Appeals ordering that Attorney Thomas F. Geraghty may appear pro hac vice as co-counsel for the defendant.

---

| 70 | 12-03-2009 | Motion |

**Additional Text:**

Motion to Admit Thomas F. Geraghty Pro Hac Vice.

---

| 71 | 09-24-2009 | Order | | Fox, Jerome L |

**Additional Text:**

Order from the Court of Appeals ordering that the time for deciding the defendant's postconviction motion is extended to July 26, 2010.

---

| 72 | 09-17-2009 | Motion |

**Additional Text:**

Motion to Extend Time to Decide Post-Conviction Motions.

---

| 73 | 09-16-2009 | Letters/correspondence |

**Additional Text:**

Postconviction motion hearing is set for January 15, 2010, January 19, 2010, January 20, 2010, January 21, 2010 and January 22, 2010.

---

| 74 | 08-25-2009 | Motion |

**Additional Text:**

Section 809.30 Post-Conviction Motion. Memorandum of Facts and Law Accompanying Section 809.30 Post-Conviction Motion. Exhibits to Section 809.30 Post-Conviction Motion - Volume One: Exhibits 1-35. Exhibits to Section 809.30 Post-Conviction Motion - Volume Two: Exhibits 36-55. Exhibits to Section 809.30 Post-Conviction Motion - Volume Three: Exhibits 56-80. Exhibits to Section 809.30 Post-Conviction Motion - Volume Four: Exhibits 81-96.

---

| 75 | 08-03-2009 | Transcript |

**Additional Text:**

Transcript of motion hearing held on 06-30-09. (FILED UNDER SEAL)

---

| 76 | 07-20-2009 | Order | | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or postconviction motion is extended to August 25, 2009.

---

| 77 | 07-14-2009 | Order | | Fox, Jerome L | |
|---|---|---|---|---|---|

**Additional Text:**

Ex Parte Order (FILED UNDER SEAL)

---

| 78 | 06-30-2009 | Motion hearing | | Fox, Jerome L | Hau, Jennifer K. |
|---|---|---|---|---|---|

**Additional Text:**

Motion hearing held. (Clerk's minutes from this motion hearing are FILED UNDER SEAL per order of the Court)

---

| 79 | 06-24-2009 | Motion |
|---|---|---|

**Additional Text:**

Motion to Extend Time to File Postconviction Motions or Notice of Appeal; Motion to File Affidavit Under Seal.

---

| 80 | 06-23-2009 | Motion |
|---|---|---|

**Additional Text:**

Ex Parte Motion (FILED UNDER SEAL)

---

| 81 | 05-29-2009 | Motion |
|---|---|---|

**Additional Text:**

Ex Parte Motion (FILED UNDER SEAL)

---

| 82 | 05-28-2009 | Order | | Fox, Jerome L | Hau, Jennifer K. |
|---|---|---|---|---|---|

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or postconviction motion is extended to June 26, 2009.

---

| 83 | 05-22-2009 | Motion |
|---|---|---|

**Additional Text:**

Motion to Extend Time to File Postconviction Motions or Notice of Appeal.

---

| 84 | 04-15-2009 | Motion |
|---|---|---|

**Additional Text:**

Motion to Admit Attorney Joshua A. Tepfer Pro Hac Vice.

---

| 85 | 04-07-2009 | Order | | Fox, Jerome L | Hau, Jennifer K. |
|---|---|---|---|---|---|

**Additional Text:**

Order from the Court of Appeals ordering that Attorney Joshua A. Tepfer may appear pro hac vice as co-counsel for the defendant.

---

| 86 | 03-25-2009 | Order | | Fox, Jerome L | Hau, Jennifer K. |
|---|---|---|---|---|---|

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or

postconviction motino is extended to May 26, 2009.

---

87   03-23-2009   Motion

**Additional Text:**

Motion to Extend Time to File Post-Conviction Motions or Notice of Appeal.

---

88   03-12-2009   Notice

**Additional Text:**

Motion hearing is reset for 03-27-09 at 11:00 a.m.

---

89   03-04-2009   Status conference         Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Status Conference held. (Clerk's minutes from this hearing are to be filed UNDER SEAL by order of the Court)

---

90   03-02-2009   Notice

**Additional Text:**

Status conference is set for 03-04-09 at 11:00 a.m.

---

91   02-18-2009   Order of Court of Appeals

**Additional Text:**

It is ordered that Attorney Laura H. Nirider may appear pro hac vice as co-counsel for the defendant.

---

92   01-28-2009   Motion

**Additional Text:**

Noncompliant Motion for Admission Pro Hac Vice. It is ordered that Attorney Robert J. Dvorak submit proof that the $50.00 fee due to the Office of Lawyer Regulation for this application has been paid within ten days of the date of this order. Upon the expiration of ten days, the motino will be submitted to the court for further action.

---

93   01-27-2009   Motion

**Additional Text:**

Motion to Admit Attorney Laura H. Nirider Pro Hac Vice.

---

94   12-23-2008   Order         Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or postconviction motion is extended to March 23, 2009.

---

95   12-18-2008   Motion

**Additional Text:**

Motion to Extend Time to File Postconviction Motions or Notice of Appeal.

---

96  10-01-2008  Order                                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order from the Court of Appeals ordering that the time permitted the defendant for filing a notice of appeal or postconviction motions is exteded to December 23, 2008.

---

97  09-19-2008  Motion

**Additional Text:**

Motion To Extend Time to File Post-Conviction Motions of Notice of Appeal.

---

98  06-23-2008  Order                                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or postconviction motion is extended to September 23, 2008.

---

99  06-19-2008  Motion

**Additional Text:**

Motion to Extend time to File Postconviction Motions of Notice of Appeal.

---

100  03-18-2008  Order                                   Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order from the Court of Appeals ordering that the time for filing a notice of appeal or postconviction motion is extended to June 23, 2008. It is further ordered that Attorney Steven Drizin may appear pro hac vice as co-counsel for the defendant.

---

101  03-13-2008  Motion

**Additional Text:**

Copy of Motion to Extend Time to File Postconviction Motions or Notice of Appeal; Copy of Motion to Admit Attorney Steven A. Drizin Pro Hac Vice.

---

102  01-21-2008  Further proceedings

**Additional Text:**

Copy of filed mailed to Attorney Steven Drizin.

---

103  12-11-2007  Transcript

**Additional Text:**

Transcript of status conference and continued arraignment held on 03-17-06. Transcript of motion hearing held on 12-11-06. Transcript of decision and motion hearing held on 06-02-06. Transcript of motion hearing held on 12-15-06. Transcript of day one of jury trial - voir dire held on 04-12-07. Transcript of day two of jury trial - voir dire held on 04-13-07. Transcript of day one of jury trial held on 04-16-07. Transcript of day two of jury trial held on 04-17-07. Transcript of day three of jury trial held on 04-18-07. Transcript of day four of jury trial held on 04-19-07. Transcript of day five of jury trial held on 04-20-07. Transcript of day six of jury trial held on 04-21-07. Transcript of day seven of jury trial held on 04-23-07. Transcript of day eight of jury trial held on 04-24-07. Transcript of day nine of jury trial held on 04-25-07.

---

| 104 | 10-17-2007 | Order appointing counsel | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Steven Drizin, through Public Defender.

| 105 | 09-20-2007 | Order | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Order from the Court of Appeals ordering that the time for appointing counsel and requesting transcripts is extended to October 19, 2007.

| 106 | 09-19-2007 | Motion |

**Additional Text:**

Motion to Extend the Time for Appointing Postconviction Counsel and Ordering Transcripts.

| 107 | 09-10-2007 | Transcript |

**Additional Text:**

Transcript of sentencing hearing held on 08-02-07. Copy of transcript of sentencing hearing mailed to Registrar at Dodge Correctional Institution.

| 108 | 08-08-2007 | Further proceedings |

**Additional Text:**

Copy of notice of intent to pursue postconviction relief, copy of judgment of conviction and list of reporters mailed to the State Public Defender's Intake Office, Appeals Department.

| 109 | 08-06-2007 | Notice of intent to pursue post-conviction relief |

| 110 | 08-02-2007 | Other papers |

**Additional Text:**

Victim Notice of Rights.

| 111 | 08-02-2007 | Dispositional order/judgment | Fox, Jerome L |

| 112 | 08-02-2007 | Judgment of conviction | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Judgment of Conviction Sentence to Wisconsin State Prisons. Duplicate original delivered to Registrar. Copy to Sheriff and DOC.

| 113 | 08-02-2007 | Sentencing hearing | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Defendant in custody. On count 1, PTC 1st degree intentional homicide, the defendant is sentenced to the Wisconsin State Prison system for life. The Court finds that the defendant will be eliglble for extended supervision on 11-01-2048. On count 2, PTC mutilating a corpse, the defendant is sentenced to the Wisconsin State Prison System for a total of six (6) years. That is four (4) years initial confinement followed by two (2) years extended supervision, concurrent with the sentence imposed on count 1. On count 3, PTC 2nd degree sexual assault/use of force, the defendant is sentenced to the Wisconsin State Prison system for a total of fourteen (14) years.

That is ten (10) years initial confinement followed by four (4) years extended supervision, concurrent with the sentences imposed on counts 1 and 2. The Court does not set any conditions of extended supervision. The defendant waives the formal reading of the Written Explanation of Determinate Sentence. A copy of this form is given to him. The Court finds that he is not eligible for either the Challenge Incarceration Program or the Earned Release Program. The defendant is given credit for 534 days. (04-13-06 until today) Notice of Right to Seek Postconviction Relief. Ineligible Voting Notice and Acknowledgement. Written Explanation of Determinate Sentence.

---

114  07-13-2007    Pre-sentence investigation filed

---

115  05-08-2007    Transcript

**Additional Text:**

Partial transcript of jury trial - day 7. (Brendan Dassey)

---

116  05-04-2007    Transcript

**Additional Text:**

Partial transcript of jury trial - day 8. (Dr. Gordon's testimony)

---

117  05-03-2007    Notice

**Additional Text:**

Sentencing hearing is reset to 08-02-07 at 9:00 a.m.

---

118  05-03-2007    Transcript

**Additional Text:**

Partial transcript of jury trial - day 8. (Dr. Gordon and Dr. Armentrout)

---

119  05-01-2007    Order                              Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order Revoking Bail. Copy of order revoking bail delivered to Sheriff.

---

120  04-25-2007    Jury trial                         Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Jury Trial - Day Nine Defendant in custody. State moves to amend count 3 of the Information from PTC 1st degree sexual assault with use of dangerous weapon to PTC 2nd degree sexual assault, contrary to Section 940.225(2)(a) and 939.05 of the Wisconsin Statutes. State has filed an original Amended Information with the Court and provides a copy to defense counsel. Court grants the motion to amend count 3. Defense counsel moves to dismiss the amended count 3. Motion denied. Jury Instructions given to the jury. Jury Question. The jury finds as follows: Count 1 - PTC 1st degree intentional homicide - GUILTY. Count 2 - PTC mutilating a corpse - GUILTY. Count 3 - PTC 2nd degree sexual assault - GUILTY. The jury is polled by the Court. All jurors affirm the verdicts. Attorney Kratz moves for judgments on the verdicts. The Court grants the motion and enters judgments of conviction on all three counts. Attorney Kratz requests a PSI and that bail be revoked. No objection from the defense. The Court orders that a Presentence Investigation Report be completed by the Department of Corrections. The Court further orders that bail be revoked in this matter. State to draft the order. PSI to be filed by 07-16-07. Sentencing is set for 08-06-07 at 9:00 a.m. Guilty verdict for count 1. Guilty verdict for count 2. Guilty verdict for count 3. Exhibit List.

121 04-24-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

    **Additional Text:**

    Defendant in custody. Jury Trial - Day Eight Testimony presented. Exhibit 226, curriculum vitae of Dr. Gordon. Exhibit 229, MMPI Scales and Percentiles. Exhibit 227, 16 PF Factors. Exhibit 228, WAIS and Kaufman IQ scores and percentiles. Exhibit 230, Gudjonsson Suggestibility Scale. Exhibit 231, Report of Dr. Robert Gordon. Exhibit 232, Curriculum Vitae of Dr. James Armentrout. All testimony is in, court will resume with instruction conference tomorrow.

122 04-23-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

    **Additional Text:**

    JURY TRIAL - DAY SEVEN Defendant in custody. Testimony presented. Exhibit 225, CD of phone message from Barb Janda's phone. Attorney Kratz argues regarding the admissibility of Dr. Gordon . We have heard the testimony and no longer have to guess what will come out at trial. The defendant testified and said nothing about suggestibility despite Attorney Fremgen's attempts to get him to state that. Defendant testified that he made everything up, which a different concept from suggestibility. Therefore, Dr. Gordon's testimony no longer become important. The State renews its motion as to Dr. Gordon and asks the Court to reconsider its order. Attorney Fremgen indicates what the doctor will testify to. The Court comments and will not change its ruling handed down earlier. He feels Dr. Gordon's testimony is still relevant. It will be up to the jury as to what weight they will given the testimony of Dr. Godron. The motion is denied. Based on the Court's ruling, the State does intend on calling two rebuttal witnesses. Dr. James Armentrout who will directly rebut Dr. Gordon's testimony and Joseph Buckley, who is an expert in the area of interrogation processes.

123 04-21-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

    **Additional Text:**

    JURY TRIAL - DAY SIX Defendant in custody. Testimony presented. Exhibit 217, binder containing a compilation of the defendant's school records. Exhibit 218, defendant's most recent IEP records. Exhibit 219, a summary from defendant's evaluation completed in September 2005. Exhibit 220, evaluation report of the defendant which was completed by the speech and language pathologist. Exhibit 221, IEP document dated 10-12-04. Exhibit 222, IEP document dated 10-22-03. Exhibit 223, report of testing of defendant done in October 2002. Exhibit 224, report of classroom evaluation dated 09-16-05.

124 04-20-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

    **Additional Text:**

    JURY TRIAL - DAY FIVE Defendant in custody. Testimony presented. The DVD of the interview between the defendant, Investigator Wiegert and Agent Fassbender is played. Exhibit 206, copy of Miranda Warning signed by defendant on 03-01-06. Exhibit 207, drawing by defendant of the knife. Exhibit 208, drawing by defendant of Teresa on the bed. Exhibit 209, drawing by defendant of the garage. Exhibit 210, drawing of the defendant of burn pit area. Exhibit 211, photo of Steven Avery's bedroom (animated photo). Exhibit 212, photo of Avery garage (animated photo). Exhibit 213, DVD of interview between Dassey, Wiegert and Fassbender. Exhibit 214, copy of Miranda Rights form. Exhibit 215, report and transcript of 02-27-06 interview. Exhibit 216, transcript of video interview on March 1, 2006 between Dassey, Wiegert and Fassbender.

125 04-19-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

    **Additional Text:**

Case 1:14-cv-01310-WED    Filed 05/04/15    Page 17 of 31    Document 19-2

JURY TRIAL - DAY FOUR Defendant in custody. Testimony presented. Exhibit 196, trial stipulation regarding Steven Schmitz and JoEllen Zipperer. Exhibit 197, trial stipulation regarding Bobby Dassey. Exhibit 198, trial stipulation regarding Scott Tadych. Exhibit 199, Leslie Eisenberg's cirriculum vitae. Exhibits 183 and 184, photos showing investigators sorting evidence. Exhibit 185, phot of contents of box for Dr. Eisenberg to examine. Exhibits 186 and 187, photos of facial bone fragments. Exhibit 188, computer graphic of human skull. Exhibit 189, computer graphic of human skeletons. Exhibits 190,191 and 192, photos of skull frragments showing gun shot entry. Exhibit 193, computer graphic showing placement of gun shot entry. Exhibit 194, computer graphic showing placement of gun shot entry. Exhibit 195, computer graphic of skeletons showing portions of bone found. Exhibit 200, trial stipulation regarding Dr. Jeffrey Jentzen. Exhibit 201, CD containing interview between Brendan Dassey and Detectives O'Neill and Baldwin. Exhibit 202, copy of Marinette County Supplemental Report. Exhibit 203, copy of transcript of interview between the defendant, Detective O'Neill and Detective Baldwin. Exhibit 204, photo of members of the Avery family taken at their cabin located in the Town of Stephenson. Exhibit 205, trial stipulation regarding Angela Schuster and Dawn Pliszka.

---

126  04-18-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

JURY TRIAL - DAY THREE CONTINUED Exhibit 162, box contaiing a tooth. Exhibit 176, photo of tooth #31 buccal. Exhiibit 177, photo of tooth #31 occlusal. Exhibit 178, photo of panorex x-ray of Teresa Halbach. Exhibit 179, photo of postmortem x-ray of tooth #31. Exhibit 180, photo of postmortem x-ray of tooth #31. Exhibit 181, photo comparing panorez and postmortem x-rays. Exhibit 182, Donald Simley's cirriculum vitae.

---

127  04-18-2007    Jury trial                          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

JURY TRIAL - DAY THREE Defendant in custody. Testimony presented. Exhibit 163, copy of Kayla Avery's statement. Exhibit 164, Sherry Culhane's cirriculum vitae. Exhibit 141, photo of RAV4 in the crime lab garage. Exhibit 142, photo of front seat of RAV4. Exhibit 143, photo of ignition portion of the RAV4. Exhibit 144, photo of front passenger seat of RAV4. Exhibit 145, photo of metal panel between front and back doors of RAV4. Exhibit 146, photo of stain in cargo area of RAV4. Exhibit 147, photo of stain in cargo area of RAV4. Exhibit 148, photo of stain on plastic piece in cargo are of RAV4. Exhibit 149, photo of door of cargo area of RAV4. Exhibit 150, photo of bone fragment with tissue attached. Exhibit 151, package containing swab from cargo area of RAV4. Exhibit 152, package containing swab from cargo area of RAV4. Exhibit 153, package containing swab from cargo area of RAV4. Exhibit 154, package containing swab from cargo area of RAV4. Exhibit 155, package containing swab taken from RAV4. Exhibit 156, package containing swab taken from front seat of RAV4. Exhibit 157, package containing swab taken from ignition portion of RAV4. Exhibit 158, package containing swab taken from CD case found in RAV4. Exhibit 159, package containing swab taken from metal door panel of RAV4. Exhibit 160, package containing swab taken from metal door panel of RAV4. Exhibit 161, package containing swab taken from soda can found in RAV4. Exhibit 165, Nick Stahlke's cirriculum vitae. Exhibit 166, photo of cargo area of RAV4. Exhibit 167, photo of engine compartment of RAV4 showing disconnected battery cables. Exhibit 168, photo of dog and burn pit. Exhibit 169, photo of burn area showing wiring, van seat, etc. Exhibit 170, rake found at burn pit. Exhibit 171, spade found at burn pit. Exhibit 172, zipper pull found in burn pit. Exhibit 173, photo of screwdriver laying in the burn pit. Exhibit 174, burned-out vehicle seat frame. Exhibit 175, photo of burn pit.

---

128  04-18-2007    Motion

**Additional Text:**

Motion to Redact Videotaped Statements.

---

**Additional Text:**

JURY TRIAL - DAY TWO CONTINUED Exhibit 109, photo of marker #23 indicating bullet fragment found in Avery garage. Exhibit 110, photo of marker #23 indicating bullet fragment found in Avery garage. Exhibit 111, photo of evidence bag containing bullet fragment. Exhibit 112, burned "Daisy Fuentes" rivet. Exhibit 113, package containing bullet fragment found by air compressor in Avery garage. Exhibit 114, package containing bullet fragment found in Avery garage. Exhibit 115, copy of Curtis Thomas's report. Exhibit 116, photo of interior of Avery garage. Exhibit 117, photo of interior of Avery garage after snowmobile was removed. Exhibit 118, photo of garage floor. Exhibit 119, photo of shell casings found in Avery garage. Exhibit 120, photo of box containing shell casings. Exhibit 121, photo of burn barrels. Exhibit 122, photo of interior of office building at Avery Salvage Yard. Exhibit 123, photo of phone/answering machine in the Janda/Dassey residence. Exhibit 124, photo of Bissell Carpet Cleaner seized from Avery residence. Exhibit 125, photo of .22 caliber ammunition seized from Avery bedroom. Exhibit 126, photo of Toyota key as found in Avery bedroom. Exhibit 127, photo of Toyota key. Exhibit 128, box containing shell casings. Exhibit 129, rifle seized from Avery's bedroom. Exhibit 130, Bissell carpet cleaner seized from Avery residence. Exhibit 131, Toyota key seized from Avery bedroom. Exhibit 132, photo of burn ara behind the garage. Exhibit 133, curriculun vitae of William Newhouse. Exhibit 134, report of William Newhouse dated 02-21-06. Exhibit 135, report of William Newhouse dated 05-10-06. Exhibit 136, statement of Mr. Olson's qualifications. Exhibit 137, photo of the outer surface of item KQ, showing an entrance defect with a beveled edge. Exhibit 138, photo of an x-ray image of item EJ, the first skull fragment examined by Mr. Olson. Exhibit 139, photo of an x-ray image of eight bone fragments, item KQ. Exhiibit 140, photo of cranial skull fragment.

---

**Additional Text:**

JURY TRIAL - DAY TWO Defendant in custody. Testimony presented. Exhibit 79, photo of computer area in Avery's living room. Exhibit 80, photo of Auto Trader Magazine found in Avery's living room. Exhibit 81, photo of bill of sale from Auto Trader Magazine. Exhibit 82, photo of headboard area of Avery's bedroom. Exhibit 83, photo of gun rack above Avery's bed. Exhibit 84, photo of handcuffs found in Avery's bedroom. Exhibit 85, photo of leg irons found in Avery's bedroom. Exhibit 86, photo of gun located on gun rack in Avery's bedroom. Exhibit 87, photo of muzzle loader located on gun rack in Avery's bedroom. Exhibit 88, photo of bleach bottle. Exhibit 89, phot of cut on Avery's finger. Exhibit 90, photo of hood latch from RAV4. Exhibit 91, handcuffs seized from Avery's bedroom. Exhibit 92, leg irons seized from Avery's bedroom. Exhibit 93, bleach bottle seized from the Avery residence. Exhibit 94, swab taken of hood latch of RAV4. Exhibit 95, photo of burn barrel located in the front yard of Steven Avery's residence. Exhibit 96, photo of the interior of the burn barrel. Exhibit 97, photo of burned pieces of three electronic devices recovered from the burn barrel. Exhibit 98, photo of burned cover plate for a Motorola cell phone. Exhibit 99, photo comparing burned cover plate and new cover plate. Exhibit 100, photo comparing burned cell phone and new cell phone. Exhibit 101, photo comparing burned key pad and new key pad. Exhibit 102, photo of burned portion of a Canon Powershot camera. Exhibit 103, photo of the processing of evidence at the Wisconsin State Crime Lab. Exhibit 104, photo of jean rivet with "Daisy Fuentes" stamped on it. Exhibit 105, photo of interior of Steven Avery's garage. Exhibit 106, photo of paint thinner container found in Avery garage. Exhibit 107, photo of a roller creeper found in Avery garage. Exhibit 108, photo of marker #9 indicating bullet fragment found in Avery garage.

---

**Additional Text:**

JURY TRIAL - DAY ONE CONTINUED Exhibit 62, pink fur-lined leg irons. Exhibit 63, computer image depicting Avery and Janda/Dassey residence. Exhibit 64, computer image depicting Avery

and Janda/Dassey residence. Exhibit 65, computer image depicting front of Janda/Dassey residence. Exhibit 66, computer image depicint backyard of Janda/Dassey residence. Exhibit 67, computer image depicting Avery residence, garage and burn barrel. Exhibit 68, computer image depicting front of Avery's trailer. Exhibit 69, computer image depicting rear of Avery garage and burn area. Exhibit 70, computer image depicting rear of Avery garage and burn area. Exhibit 71, computer image depicting Avery and Janda/Dassey residence. Exhibit 72, computer image depicting the inside of the Avery residence. Exhibit 73, computer image depicting the inside of Avery's bedroom. Exhibit 74, computer image depicting the inside of Avery's bedroom. Exhibit 75, computer image depicting the inside of Avery's bathroom. Exhibit 76, computer image depicting the inside of Avery's garage. Exhibit 77, computer image depicting inside of Avery's garage. Exhibit 78, DVD of animated tour of the Avery residence.

---

132  04-16-2007  Jury trial                                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

JURY TRIAL - DAY ONE CONTINUED Attorney Fremgen objects to exhibit 13, the Daisy Fuentes jeans. This is a pair of jeans that was purchased after and was not owned by the victim. It should not be admitted into evidence. Attorney Kratz is not making any claim that these were the jeans the Teresa was wearing. It is only being used for demonstrative purposes. Exhibit 13 is received by the Court. Exhibit 34, photo of Steven Avery's trailer and garage. Exhibit 35, photo of Steven Avery's trailer and garage. Exhibit 36, photo of the front of Avery's trailer. Exhibit 37, photo of the back of Avery's trailer. Exhibit 38, photo of Steven Avery's trailer, garage with black truck. Exhibit 39, photo of front of Steven Avery's garage with truck. Exhibit 40, photo of mini van that Barb Tadych had for sale. Exhibit 41, photo of mini van and Barb Tadych's trailer. Exhibit 42, photo of Steven Avery's driver's license photo. Exhibit 43, photo of Steven Avery's mug shot. Exhibit 44, photo of vehicle where RAV4 plates were found. Exhibit 45, photo of RAV4 plates as found in the vehicle. Exhibit 46, photo depicting the Avery residence, Dassey residence and where the plates were found. Exhibit 47, photo of front of Brendan Dassey's residence. Exhibit 48, photo of handcuffs taken from Barb Tadych's bedroom. Exhibit 49, photo of Barb Tadych's bedroom showing handcuffs and leg irons. Exhibit 50, photo of leg irons taken from Barb Tadych's residence. Exhibit 51, photo of golf cart. Exhibit 52, photo of jacket found in Dassey residence. Exhibit 53, photo of tennis shoes found in Dassey residence. Exhibit 54, photo of blue jeans found in Dassey residence. Exhibit 55, photo of Auto Trader Magazine and bill of sale. Exhibit 56, copy of Cingular phone records for Teresa Halbach's cell phone. Exhibit 57, copy of Cellcom phone records for Steven Avery's cell phone. Exhibit 58, Brendan Dassey's jeans. Exhibit 59, handcuffs. Exhibit 60, handcuffs. Exhibit 61, pink fur-lined leg irons.

---

133  04-16-2007  Jury trial                                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

JURY TRIAL - DAY ONE Defendant in custody. Testimony presented. Exhibit 1, photo of Teresa Halbach. Exhibit 2, photo of Teresa Halbach. Exhibit 3, photo of Teresa Halbach in front of her RAV4. Exhibit 4, photo of the Halbach family. Exhibit 5, photo of missing person poster. Exhibit 6, photo of Canon Powershot Camera box. Exhibit 7, photo of palm pilot box. Exhibit 8, copy of receipt for Teresa's cellhphone. Exhibit 9, copy of Cingular cell phone contract. Exhibit 10, copy of receipt from Target for palm pilot purchase. Exhibit 11, photo of the volleyball team that Teresa coached. Exhibit 12, photo of "Air National Guard" key chain. Exhibit 13, pair of "Daisy Fuentes" jeans. Exhibit 14, "Air National Guard" key chain. Exhibit 15, aerial photo of the Avery Salvage Yard. Exhibit 16, aerial photo of the northwest corner of the Avery Salvage Yard. Exhibit 17, aerial photo of the southeast corner of the Avery Salvage Yard. Exhibit 18, aerial photo of the command post located on the Avery property. Exhibit 19, photo overlooking the Avery Salvage Yard. Exhibit 20, photo of Avery Salvage Yard business sign. Exhibit 21, photo of rear portion of RAV4. Exhibit 22, photo of passenger side of RAV4. Exhibit 23, photo of front passenger side of RAV4. Exhibit 24, photo of RAV4 with items concealing it. Exhibit 25, photo of RAV4 with items concealing it. Exhibit 26, vehicle hood that was leaning up against the RAV4 when found. Exhibit 27, photo of Julie Cramer and Brutus, members of Great Lakes Search and Rescue. Exhibit 28,

photo of southeast portion of the salvage yard showing the car crusher. Exhibit 29, photo of car crusher. Exhibit 30, photo of cars after being crushed. Exhibit 31, photo of pile of tires found on Steven Avery's yard. Exhibit 32, aerial photo depicting where RAV4 was found and where the car crusher was located.

---

| 134 | 04-13-2007 | Jury selection | | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

Day Two of Jury Selection - General Voir Dire - Defendant in custody. 39 jurors present. 30 seated in the jury box. 4 extra jurors that were already individually voir dired and five extra jurors asked to come back today. The Court and counsel question jurors re: qualifications. Counsel each make seven peremptory challenges, alternately, and the remaining 16 jurors will serve as the jury in this case. At 10:45 a.m., the jurors are excused for the day and given instructions as far as reporting Sunday to be brought to Manitowoc County. Courtroom Jury List. Jury Seating Chart.

---

| 135 | 04-13-2007 | Order | | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

It is hereby ordered, that 1) the state may call Officer Todd Baldwin, of the Marinette County Sheriff's Office during its case in chief; 2) the defense may call citizen witness Mike Kornely or Francis Creek, Wisconsin, during its case in chief; 3) citizen witness Barb Tadych shall continue to be subpoenaed for the trial and may be called by the State during its case in chief. The witness shall be excluded from the sequestration order and may attend any or all portions of the jury trial, unless the state intends to introduce testimony, through a separate witness, pertaining to any phone calls made between the defendant and Barb Tadych. The state will notify the defense of this intent and the witness, Barb Tadych, will be requested to be sequestered from the courtroom.

---

| 136 | 04-13-2007 | Order | | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

It is hereby ordered that: 1) Dr. Robert Gordon has sufficient expertise to offer opinions on how suggestible the defendant would be when subjected to police interrogation; 2) the proposed expert testimony is directly relevant to the material issue or the statements given to the police in this case; 3) the proposed testimony could assist the jury in evaluating the evidence; 4) the proposed testimony is neither superfluous nor a wast of time; 5) Dr. Robert Gordon may not offer an opinion as to whether the defendant's statements are true or false. That decision is left to the jury, alone; 6) Dr. Robert Gordon may not offer an opinion as to whether or not he believes that the questioning of the defendant was coercive; 7) Dr. Robert Gordon may not refer to the defendant's statements as coerced; 8) Dr. Robert Gordon, or his counsel, shall turn over to the State, as soon as practical, but no later than April 10, 2007, all materials relied upon, including but not limited to test scores, notes, statements of the defendant and anything else in formulating his opinion; 9) the state shall not disseminate or share Dr. Gordon's file with any other persons other than the prosecution team or any expert consulted with or retained by the state to review.

---

| 137 | 04-12-2007 | Jury selection | | Fox, Jerome L | Hau, Jennifer K. |

**Additional Text:**

(HELD IN DANE COUNTY) Defendant in custody. 55 jurors from the random listing of jurors are brought into the courtroom and seated in the general seating area. The Court calls the case and reads the Information to the jurors. The parties and the defendant are introduced. The Jurors are sworn on their voir dire. The Court explains the process of individual voir dire to the jurors and how it works. He further explains how general voir dire works. At 9:32 a.m., Individual voir dire of jurors begins. At 4:18 p.m., 34 jurors have been individually voir dired. 30 are seated in the jury

box and the four extra are seated in the courtroom. At 4:42 p.m., the Court breaks for the evening. General voir dire will begin tomorrow morning. The jurors are admonished not to discuss this matter with anyone. They are to report back by 8:30 a.m.

---

138  04-12-2007    Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

DECISION ON ITEMS I AND J FROM STATE'S MOTION TO ADMIT STATEMENTS MOTION IN LIMINE SERIES II - The defense has no objection to item J. As to item I, the parties argue. The Court grants the State's motion regarding item J. Attorney Kratz has still not recieved Dr. Gordon's filed. Defense indicates that it will be delivered to them today. The parties discuss some other witnesses that they each may have. Neither have any objection to them. The parties also agree that Barb Tadych be released from her sequestration order and be allowed to remain in the courtroom. Defense to draft the order.

---

139  04-12-2007    Other papers

**Additional Text:**

State's Proposed Jury Instructions.

---

140  04-10-2007    Order                             Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order Regarding Trial Administration.

---

141  04-10-2007    Transcript

**Additional Text:**

Transcript of motion hearing held on 04-05-07.

---

142  04-05-2007    Other papers

**Additional Text:**

Defense Witness List.

---

143  04-05-2007    Other papers

**Additional Text:**

Trial Stipulations.

---

144  04-05-2007    Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Motion hearing continued - Counsel ask that these motions be withdraw at this time. The Court will take up the matter of Items I and J and will rule on them prior to jury selection beginning in Madison next Thursday.

---

145  04-05-2007    Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Motion hearing continued - STATE'S MOTION IN LIMINE SERIES I - Motion to Preclude 3rd Party Liability Evidence: Defense is not intending to produce any such evidence. Motion to Preclude Evidence that the Manitowoc County Sheriff's Department or any other Law Enforcement Agency Planted Evidence to Frame Steven Avery: the defense is not intending to

raie questions about evidence being planted. They will vigorously cross-examine witnesses, but will not allege any evidence being planted. The defense theory is not evidence being planted. This is understood by the parties. Motion to Preclude Evidence of Police Investigative Bias Atainst Steven Avery: Defense has no objection. Any evidence of this will not be permitted. Motion to Preclude Evidence of Any Lawsuit File by Steven Avery Against Manitowoc County: the defense believes that this is not relevant to this case and should not be allowed. The Court agrees. DEFENSE MOTION TO ALLOW AS TESTIMONY ADMISSION OF PARTY-OPPONENT - The parties argue this motion. The Court has reviewed the case law regarding this issue and finds that the remarks made during the Avery trial, by counsel, were entirely permissible and denies the motion. STATE'S MOTION IN LIMINE SERIES II - Items A,B,E, F,G, H, K, L, M and N are not objected to. Item C, the parties argue the motion and the Court will rule at a later time. Item D, already admitted. No objection. Items I and J. The court has to take a look and listen to these items. A copy of the DVD and phone messages will be supplied to the court and he will review them. A ruling will be made at a later date. Statements by Steven Avery and Barb Janda: The Court has no idea what this is and cannot rule at this time. It depends on how the defense presents their case. The parties agree that this issue cannot be dealt with today and the Court holds this motion in abeyance. Defense counsel states that there were some earlier motions file by previous counsel regarding alibi.

---

146  04-05-2007    Motion hearing                          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

STIPULATIONS - The parties have 21 stipulations they have reached. The Court is presented with a document entitled "Trial Stipulations" which have been signed by counsel and the defendant. The defendant understands the stipulations and agrees with them. DECISION ON MOTION TO ADMIT EXPERT TESTIMONY AS TO SUGGESTIBILITY - The Court finds that Dr. Gordon has met the standards and his testimony is admissible under the relevancy tests. However, Dr. Gordon cannot offer testimony on whether or not he feels that the statements of the defendant are true or false and is not permitted to offer expert opinions whether or not questions asked of the defnedant were coercive or not. Dr. Gordon shall turn over to the State, by 04-10-07, all materials he relied on to formulate his opinion. Attorney Fremgen to draft the order. Attorney Fremgen also asks the Court for a protective order regarding the material that Dr. Gordon will be releasing to the State. Motion is granetd. PRETRIAL MOTIONS - Sequestration Motion: no objection from the State. Prior Bad Acts/Other Acts Evidence: there are none at this time. Individual Voir Dire of Jurors: The Cout will take this matter up with counsel later. Court Reporter Taking the Voir Dire of the Jurors and Bench Conferences: This is a standard practice as to the voir dire portion. As to the bench conferences, the Court will make sure that at some point that the topic discussed during a bench conference will go on the record. State's Use of Photos of Victim While She Was Alive: The parties have reached an agreement on what will be used. There is no objection from the defense. Defendant's Clothing and Restraints During Trial: the defendant will appear in street clothes during the trial and no restraints are to be used when he is in the presence of the jury. State's Motion in Limine Regarding DNA Evidence: defense is not objecting and will not challenge admissibility.

---

147  04-03-2007    Transcript

**Additional Text:**

Transcript of motion hearing held on 03-26-07.

---

148  04-03-2007    Motion

**Additional Text:**

Notice of Intent and Motion to Admit Statements Motion in Limine Series II.

---

149  04-02-2007    Brief

Case 1:14-cv-01310-WED    Filed 05/04/15    Page 23 of 31    Document 19-2

**Additional Text:**

Brief in Support of Admissibility of Expert Testimony.

---

150   04-02-2007   Brief

**Additional Text:**

Brief in Opposition to Proposed Defense Expert Testimony.

---

151   03-30-2007   Motion

**Additional Text:**

Motion to Allow; Testimony; Admission of Party-Opponent.

---

152   03-29-2007   Motion

**Additional Text:**

State's Motino in Limine Series I.

---

153   03-26-2007   Motion hearing                    Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

MOTION TO ADMIT EXPERT TESTIMONY AS TO SUGGESTIBILITY - Exhibits 1 and 2, DVD's containing direct examination of Dr. Gordon. Testimony presented. Attorney Kratz renews his demand for Dr. Gordon's file regarding this matter as part of discovery if the Court provides a favorable ruling to the State. The Court admonishes Dr. Gordon not to destroy any part of the file. Motion hearing is set for 04-05-07 at 9:00 a.m. which will include any other motions that need to be heard along with a decision on this motion. Parties are to have briefs to the Court by 04-02-07 if they wish to submit any and each party is to prepare an appropriate order for the court to sign.

---

154   03-26-2007   Other papers

**Additional Text:**

Defense Witness List and Proposed Stipulations.

---

155   02-26-2007   Order                            Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Scheduling Order. It is ordered: MOTIONS - a) briefs opposing or supporting any motions shall be filed and served on the opposing party at least seven days prior to the date the motion is scheduled to be heard; b) any further motions in limine shall be filed on or before April 2, 2007. JURY INSTRUCTIONS AND VERDICTS - a) proposed jury instructions and verdicts shall be filed with the Court on or before April 16, 2007. VIDEOTAPE/DVD - a) any party intending to use videotape/DVD shall prepare the tape/DVD to include only that portion which is contemplated for use. b) that party shall supply the prepared tape/DVD to opposing counsel by March 24, 2007. c) opposing counsel shall have five days to file objections, if any, to the proposed tape/DVD. d) objections which cannot be resolved between counsel will be heard at least five days prior to trial. WITNESSES - a) Counsel shall submit to each other their proposed witness lists by April 5, 2007.

---

156   02-23-2007   Motion

**Additional Text:**

State's Motion in Limine: Admissibility of DNA Evidence.

157 02-20-2007 Motion

**Additional Text:**

Motion for New Hearing Date.

---

158 02-20-2007 Motion

**Additional Text:**

Motion in Limine. Defendant's Request to Introduce Expert Testimony as to Suggestibility.

---

159 12-18-2006 Motion

**Additional Text:**

Motion to Quash Subpoena of Attorney Len Kachinsky.

---

160 12-15-2006 Supplemental order          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Supplemental Scheduling Order. All motions, including motions in limine shall be filed by March 1, 2007. A hearing on all motions, including motions in limine, shall be held on April 5, 2007, commencing at 9:00 a.m. and continuing for the day.

---

161 12-15-2006 Motion hearing          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. MOTION TO SUPPRESS STATEMENTS, MOTION TO REOPEN HEARING TO SUPPRESS STATEMENTS, MOTION TO CONTINUE - Court denies all the requested items of relief in the motion. MOTION TO REOPEN PRELIMINARY HEARING BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND MOTION TO SUPPRESS STATEMENTS BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL. Court indicates there is no case law on ineffective assistance of counsel at the pre-trial level, it is a post-trial motion. This is exclusively a post-trial motion which cannot be heard until after something happens, ie: trial and/or plea. Court denies both the motions. MOTION REGARDING CHANGE OF VENUE Court believes that it would be reasonably impossible to impanel an impartial jury from this county after the Avery trial. Court grants the defense motion and will bring a jury in from another county. State wants to know if the Court is going to revisit the issue of defendant's placement now that he has reached the agre of majority. At this time he is being held in the juvenile facility in Calumet County. Defense counsel would like some time to discuss this with his client and they may come to a stipulation.

---

162 11-14-2006 Order          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Interim Scheduling Order. It is hereby ordered: 1. The motion hearing scheduling for Wednesday November 15, 2006 at 8:30 a.m. is cancelled. 2. All motions except for Motions in Limine shall be filed in writing no later than December 1, 2006. 3. If the defendant intends to pursue the Motion to Change Venue filed on March 17, 2006, the defendant shall serve notice of that fact and submit any supplemental supporting material on or before December 7, 2006. 4. The Court shall hear all motions filed pursuant to the order on December 15, 2006 at 9:00 a.m.

---

163 11-13-2006 Notice

**Additional Text:**

Motion hearing reset to 12-15-06 at 9:00 a.m.

---

164  11-10-2006  Motion

**Additional Text:**

Motion to Reopen Preliminary Hearing; Ineffective Assistance of Counsel; Motion to Suppress Statement; Ineffective Assistance of Counsel; Motion to Suppress Statements; Motion to Reopen Hearing to Suppress Statement; Motion to Continue.

---

165  09-07-2006  Order                                    Fox, Jerome L     Hau, Jennifer K.

**Additional Text:**

Order Accepting Defendant's Withdrawal of Speedy Trial Request.

---

166  09-06-2006  Transcript

**Additional Text:**

Transcript of motion hearing held on 08-25-06.

---

167  09-01-2006  Motion

**Additional Text:**

Motion to Withdraw Request for Speedy Trial; Affidavit of Defendant.

---

168  09-01-2006  Notice

**Additional Text:**

Motion hearing reset for 11-15-06 at 8:30 a.m. Jury trial reset to 04-16-07 at 8:30 a.m. Position No. 1.

---

169  08-29-2006  Notice

**Additional Text:**

Scheduling conference is set for 09-01-06 at 11:30 a.m.

---

170  08-29-2006  Order appointing counsel                 Fox, Jerome L     Hau, Jennifer K.

**Additional Text:**

Mark Fremgen, through Public Defender.

---

171  08-29-2006  Transcript

**Additional Text:**

Transcript of motion hearing held on 05-04-06. Transcript of decision held on 05-12-06.

---

172  08-25-2006  Order                                    Fox, Jerome L     Hau, Jennifer K.

**Additional Text:**

Order Directing Counsel to Withdraw. It is therefore ordered that Attorney Len Kachinsky is withdrawn as counsel for Brendan Dassey and the State Public Defender's office is directed to appoint successor counsel for the defendant. It is further ordered that upon appointment of

successor counsel the person so appointed shall take possession of all records and information in the possession or constructive possession of the defendant or his counsel which relate to this case.

---

173  08-25-2006    Motion hearing                              Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. On 08-14-06, there was a speedy trial demand made by defense counsel. The court now sets this matter for jury trial beginning on 11-01-06 through 11-17-06 at 8:30 a.m. On 03-17-06, a motion for change of venue was filed. This issue will be dealt with on 09-14-06 at 8:30 a.m. On 08-15-06, the court received a notice from the State Public Defender's office indicating that Attorney Kachinsky has been decertified. Attorney Kachinsky has now filed a motion to withdraw as counsel in this matter. Attorney Kachinsky states that he spoke with the defendant and his mother and they both wish to have him continue on the case. However, as of yesterday, the defendant has changed his mind and no longer wants him to continue to represent him. The court has a short colloquy with the defendant and asks him what his wish is today. The defendant states he wants Attorney Kachinsky off the case. He feels that he in not helping him very much. They still get along and he always listens to him and the letter from the public defender's office was not the cause of this. He feels that Attorney Kachinsky is not on his side and he doesn't do what he wants him to do. The Court finds that Attorney Kachinsky should have been present with his client during the interview in May. Having an investigator there and being availiabe by phone was not enough. There was deficient performance on Attorney Kachinsky's part and the reasons he gave as to why he couldn't be present were not sufficient. The Court grants the motion to withdraw as counsel. The Court will draft the order. The defendant, on the record, agrees to have Attorney Kachinsky turn over his file to successor counsel once appointed. A scheduling conference will be set once new counsel is appointed.

---

174  08-24-2006    Other papers

**Additional Text:**

Supplemental Affidavit of Michael O'Kelley.

---

175  08-23-2006    Motion

**Additional Text:**

Motion for Withdrawal of Counsel; Affidavit Regarding Motion for Withdrawal of Counsel with Exhibit A resume of Michael J. O'Kelly and Exhibit B Copy Leave and Earning Statement of Attorney Len Kachinsky.

---

176  08-18-2006    Petition

**Additional Text:**

Petition and Order Permitting Defendant to Appear at Hearings in Civilian Clothes. It is ordered that the defendant may appear at all future hearings until the rendering of a verdict in civilian clothes.

---

177  08-14-2006    Letters/correspondence

**Additional Text:**

Scheduling conference set for 08-25-06 at 2:30 p.m.

---

178  08-14-2006    Demand for speedy trial

---

179  08-10-2006    Notice

Case 1:14-cv-01310-WED    Filed 05/04/15    Page 27 of 31    Document 19-2

Additional Text:

Notice of Alibi.

---

180 08-03-2006 Order                Fox, Jerome L     Hau, Jennifer K.

Additional Text:

It is hereby ordered that an undated letter purportedly written by Brendan R. Dassey and received by the Court on June 30, 2006, and which has been kept under seal until its authorship could be ascertained shall now be unsealed and become part of the open record.

---

181 07-03-2006 Letters/correspondence

Additional Text:

Letters to the Court Placed Under Seal.

---

182 06-21-2006 Notice

Additional Text:

Notice of Intent to Offer Learned Treatise Into Evidence with copy of Chapter 15: Distinguishing between True and False Confessions from the Document Criminal Interrogations and Confessions - 4th Edition.

---

183 06-20-2006 Notice

Additional Text:

Jury Trial set for 02-05-07 at 8:30 a.m. Position No. 1 through 02-16-07.

---

184 06-20-2006 Order                Fox, Jerome L     Hau, Jennifer K.

Additional Text:

Order Denying Defendant's Motion for Withdrawal of Counsel.

---

185 06-16-2006 Order                Fox, Jerome L     Hau, Jennifer K.

Additional Text:

Order Denying Defendant's Motion to Permit Posting of Property as Surety. It is ordered that the defendant's motion for permission to post property owned by the Averys in Marinette County is denied.

---

186 06-12-2006 Order                Fox, Jerome L     Hau, Jennifer K.

Additional Text:

Order Denying Motion to Increase Cash Bail. It is ordered that the State's motion to increase cash bail from $250,000 to $500,000 is denied.

---

187 06-06-2006 Transcript

Additional Text:

Transcript of motion hearing held on 05-04-06.

---

188 06-02-2006 Motion hearing            Fox, Jerome L     Hau, Jennifer K.

Additional Text:

Case 1:14-cv-01310-WED     Filed 05/04/15     Page 28 of 31     Document 19-2

Defendant in custody. MOTION REGARDING WITHDRAWAL OF COUNSEL Court finds that no conflict of interest exists, there has not been a breakdown in communication between counsel and defendant, therefore, Court finds that no good cause has been shown for substitution of counsel and denies defendant's requests for substitution of counsel. MOTION TO PERMIT POSTING OF PROPERTY AS SURETY AS WELL AS STATE'S MOTION TO INCREASE CASH BAIL Court will lift the order that has been placed under seal regarding the State's motion to increase cash bail. Defense argues for allowing the posting of property to release the defendant on bond. State argues for an increase in cash bail. Court denies the motion for use of property for the posting of bond. As for the Motion to Increase Bail, unless there are significant changes in circumstances there would not be a need to increase bail. There are the same crimes charged here, same penalties, court does not feel there are sufficient grounds to increase bail and denies the motion. Counsel agree to have a hearing should bail be posted regarding any non-monetary conditions of bond.

---

189  06-01-2006   Motion

**Additional Text:**

Motion Regarding Withdrawal of Counsel; Memorandum Regarding Withdrawal of Counsel; Affidavit Regarding Defendant's Request for New Counsel.

---

190  05-26-2006   Hearing                          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. The matter was set for a motion to increase bail today. The Court has another matter which he wishes to address with the defendant before proceeding on the motion. The Court asks the defendant if he is requesting that his current attorney be replaced with someone else. The defendant answers "yes". Attorney Kachinsky advises the Court that the defendant has mentioned that to him and that the defendant has some concern about him continuing as his attorney. Attorney Kachinsky further informs the Court that there is a reasonable possibility that the co-defendant in this matter has been attempting to convince the defendant to get new counsel. Attorney Kratz has some concern about this issue and perhaps an evidentiary hearing needs to be held. The Court requests Attorney Kachinsky to submit a formal request for substitution of counsel. A hearing will need to held. The court will not proceed on the bail motion today because of this issue. The motion regarding substitution of counsel will be heard on 06-02-06 at 1:30 p.m. If for some reason the defendant changes his mind on this matter, then the bail motion will be heard on that day.

---

191  05-17-2006   Motion

**Additional Text:**

State's Motion to Increase Cash Bail ordered sealed per the Court.

---

192  05-16-2006   Order                            Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Order Denying Defendant's Motion to Suppress Statements. It is ordered for the reasons articulated on the record on May 12, 2006, the defendant's Motion to Suppress Statements is denied.

---

193  05-12-2006   Decision                         Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. Court finds that the State has met its burden of proof by a preponderance of the evidence, finding the statements were voluntarily and the motion to suppress is denied. Exhibit 5, is an incamera exhibit and it will remain sealed upon the time of trial to prevent any

pretrial publicity. MOTION REGARDING BAIL State requests a stay on this motion for about five to seven days due to additional crime lab results which have just been received and not yet shared with court and counsel. Court will give the State until May 17, 2006 to file his motion. Court grants the State's motion to adjourn the bail motion hearing. Exhibit 1, Bay Title and Abstract dated 01-25-06. Motion hearing is set for 05-26-06 at 1:15 p.m.

---

194  05-04-2006   Motion hearing                          Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. Motion to Suppress Statements. Testimony presented. Court will render a decision on 05-12-06 at 9:00 a.m. and deal with the motion on property bond at that time. Exhibit 1, copy of City of Two Rivers rights and waiver form dated 02-27-06. Exhibit 2, Calumet County Warning and Waiver of Rights form dated 03-01-06. Exhibit 3, copy of Ms. Schoenenberger-Gross' resume. Exhibit 4, copy of psychoeducational report prepared by Ms. Schoenenberger-Gross. Exhibit 5, Cover letter from Attorney Kratz dated 04-07-06 which will be used as an inventory, the transcript of 03-06-06 interview, pages 525-677, closed out with a cover letter of Attorney Kachinsky dated 04-28-06, and the transcript of the interview of 02-27-06, pages 439-512. Ordered sealed without access to the general public and the court will review them in camera.

---

195  05-03-2006   Response/reply

**Additional Text:**

Reply to State's Memorandum.

---

196  05-01-2006   Memorandum

**Additional Text:**

State's Memorandum in Response to Defendant's Motion to Suppress Statements.

---

197  04-25-2006   Appointment of Special Prosecutor

**Additional Text:**

Appointment of Norman Gahn as Special Prosecutor. Appointment of Thomas J. Fallon as Special Prosecutor.

---

198  04-25-2006   Notice of motion, motion

**Additional Text:**

Notice of Motion and Motion to Permit Posting of Property as Surety.

---

199  04-19-2006   Notice of motion, motion

**Additional Text:**

Notice of Motion and Motion to Suppress Statements.

---

200  03-17-2006   Arraignment                             Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. Defendant reaffirms his not guilty pleas. Jury Calendar. Motion hearing set for 05-04-06 at 9:00 a.m. Motion for Change of Venue.

---

201  03-10-2006   Transcript

**Additional Text:**

Transcript of bail hearing and initial appearance held on 03-03-06.

---

202 03-08-2006    Order appointing counsel             Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Leonard Kachinsky through Public Defender.

---

203 03-07-2006    Demand for discovery and inspection

---

204 03-06-2006    Order                                Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Petition and Order to Withdraw as Counsel of Record; Affidavit of Attorney Ralph Sczygelski.

---

205 03-03-2006    Initial appearance                   Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Defendant in custody. Defendant waives his right to a preliminary hearing. Defendant is bound over to Circuit Court Branch 3 for further proceedings. Waiver of Right to Preliminary Hearing. ARRAIGNMENT Information filed. Not guilty pleas to the three charges in the Information. Counsel agree to have a continued arraignment hearing date. BAIL HEARING Counsel argue. Bail is set at $250,000.00 cash, court orders the condition that the defendant remain in a secure juvenile facility but will not specify a location. Bail not furnished. Defendant is remanded to the county jail for failure to furnish bail. Commitment for failure to furnish bail issued. Copy filed. Status conference is set for 03-17-06 at 1:15 p.m.

---

206 03-03-2006    Appointment of Special Prosecutor

**Additional Text:**

Appointment of Jeffrey Froehlich as Special Prosecutor.

---

207 03-02-2006    Order appointing counsel             Fox, Jerome L    Hau, Jennifer K.

**Additional Text:**

Ralph Sczygelski through Public Defender.

---

208 03-02-2006    Appointment of Special Prosecutor

**Additional Text:**

Appointment of Kenneth R. Kratz as Special Prosecutor.

---

209 03-02-2006    Complaint filed

**Additional Text:**

Re: Teresa M. Halbach, on 10-31-05. Initial appearance set for 03-03-06 at 10:00 a.m.

---