# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRENDAN DASSEY,

           Petitioner,

    v.                      Case No. 14-CV-1310

MICHAEL A. DITTMANN,

           Respondent.

# ORDER

On August 12, 2016, this court granted Brendan Dassey's petition for a writ of habeas corpus. (ECF No. 23); *Dassey v. Dittmann*, 2016 WL 4257386, 2016 U.S. Dist. LEXIS 106971 (E.D. Wis. Aug. 12, 2016). The respondent appealed this court's decision on September 9, 2016. (ECF No. 25.)

On October 5, 2016, the respondent filed a motion to supplement the record on appeal. (ECF No. 32.) The respondent requested that the court expedite the resolution of his motion because the outcome would affect his appellate brief, which is due on October 19, 2016. The court ordered Dassey to respond to the motion not later than October 12, 2016. Dassey responded on October 10, 2016.

The respondent seeks to add five exhibits to the record on appeal:

> Exhibit 1: Transcript of Dassey's February 27, 2006 interview at the Two Rivers Police Department. This document was submitted as an exhibit at Dassey's postconviction hearing. (See state court record no. 173:90.)
>
> Exhibit 2: Audio recording of Dassey's February 27, 2006 interview at Mishicot High School. The two discs containing the recording of this interview were submitted as an exhibit at the postconviction hearing. (See state court record no. 173:205.) The transcript of this interview was provided to this Court with Respondent's Answer. (See Dkt. 19-24.)
>
> Exhibit 3: Audio/video recording of Dassey's February 27, 2006 interview later that afternoon at the Two Rivers Police Department. A DVD with the recording of this interview was submitted as an exhibit at the postconviction hearing. (See state court record no. 173:207.)
>
> Exhibit 4: Audio recording of Dassey's squad car ride from Mishicot High School to the Manitowoc Police Department. A disc with this recording was submitted as an exhibit at the postconviction hearing. (See state court record no. 173:208.)
>
> Exhibit 5: Handwritten statement of Kayla Avery, dated March 7, 2006, introduced at trial as Exhibit 163. (See state court record no. 78.)

(ECF No. 32 at 2.) None of these exhibits were before this court when it considered Dassey's petition. Dassey does not oppose the addition of Exhibits 1, 2, 3, and 4 to the record on appeal but does oppose the addition of Exhibit 5.

**Federal Rule of Appellate Procedure 10(e)**

"If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded [to the court of appeals]." Fed. R. App. P. 10(e)(2).

This provision is not an invitation for parties to add to the appellate record matters that were not presented to the district court. *See, e.g., Shasteen v. Saver*, 252 F.3d 929, 935 (7th Cir. 2001) (quoting *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987) ("Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court.") "The purpose of rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the [district] court (thereby allowing [the court of appeals] to review the decision that the [district] court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the [district] court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001).

Although courts have occasionally relied upon a stipulation of the parties under Rule 10(e)(2)(A) to expand the record beyond matters presented to the district court, *see, e.g., Bowie v. Thurmer*, 2008 U.S. Dist. LEXIS 121115, 2 (E.D. Wis. Mar. 20, 2008) (court treating respondent's lack of objection to petitioner's motion to expand the record on appeal as a stipulation under Rule 10(e)(2)(A) and thus expanding the appellate court record to include matters not before the district court), the court is not persuaded that the lack of an objection, standing alone, permits the district court to expand the record on appeal to include matters not presented to the district court. *See, e.g., S & E Shipping Corp. v. Chesapeake & O. R. Co.*, 678 F.2d 636, 641 (6th Cir. 1982) (noting that the district

3

court interpreted Rule 10(e) "too broadly" when it accepted the parties' stipulation to add to the appellate record matters not presented to the district court); *Wheeler v. Anchor Continental, Inc.*, 28 Fed. R. Serv. 2d (Callaghan) 1330, 1979 U.S. Dist. LEXIS 8438 (D.S.C. 1979) (citing *Panaview Door & Window Co. v. Reynolds Metals Co.*, 255 F.2d 920, 922 (9th Cir. 1958)).

The respondent has made no effort to show that the relevant exhibits were omitted due to error or accident, as required under Rule 10(e). The decision to initially omit the subject exhibits from the record may have been a conscious, strategic choice on the part of the respondent. Unlike a pro se prisoner petitioner, who might be reasonably mistaken as to whether the relevant portion of the state court record is automatically forwarded to the federal court, the respondent was represented by competent and experienced counsel. Despite the lack of objection from Dassey, Rule 10(e) does not permit the expansion of the record to include matters that the district court did not have the opportunity to consider.

**Court's Inherent Authority**

"Despite the general rule limiting the record to material presented to the district court, some courts have discussed the existence of an 'inherent equitable power to supplement the record on appeal to include information not presented to the district court.'" *Warren v. Pollard*, 2012 U.S. Dist. LEXIS 109650, 3-4 (E.D. Wis. Aug. 6, 2012) (citing *Chrysler Int'l Corp. v. Cherokee Exp. Co.*, 1998 U.S. App. LEXIS 1317 (6th Cir. Jan.

4

27, 1998) (quoting *In re Capital Cities/ABC, Inc.'s Application for Access*, 913 F.2d 89, 97 (3d Cir.1990)); 20 *Moore's Federal Practice*, § 310.10[5][e] (Matthew Bender 3d Ed.)); *see also Thompson v. Bell*, 373 F.3d 688, 690 (6th Cir. Tenn. 2004) ("[W]e recognize that a number of our sister circuits have held that the courts of appeals have the inherent equitable power to supplement the record on appeal, where the interests of justice require.") (citing cases). Thus, there are instances where courts have added documents to an appellate record despite their omission from the district court record. For example, in *Warren v. Pollard*, 2012 U.S. Dist. LEXIS 109650 (E.D. Wis. Aug. 6, 2012), the court granted a habeas petitioner's request to add to the appellate record documents that were not submitted to the district court.

In certain instances, the interests of justice might favor the expansion of the record. And although not explicitly noting any inherent authority to expand the record, the Court of Appeals for the Seventh Circuit has occasionally accepted matters not presented to the district court "[i]n the interest of completion," *Ruvalcaba v. Chandler*, 416 F.3d 555, 563 n.2 (7th Cir. 2005), or because the omitted items "are helpful for context," *Crockett v. Hulick*, 542 F.3d 1183, 1188 n.3 (7th Cir. 2008).

Accepting for present purposes that the court has the inherent authority to expand the appellate record to include matters not presented to the district court, the court is not persuaded that doing so here furthers the interests of justice. The respondent having made no effort to show that the exhibits were omitted due to error

or accident (or offer any other explanation as to why they were omitted), the court presumes that the omission was due to a conscious choice the respondent now regrets.

Moreover, some of the proposed additional exhibits are cumulative. Exhibits 2 and 4 are simply the audio recordings of interviews of which the transcripts are already in the record. (*Compare* Exhibit 2 *with* ECF No. 19-24; Exhibit 4 *with* ECF No. 19-25 at 2-15.) Exhibit 1 is a transcript of an interview at the Two Rivers Police Department and Exhibit 3 is the video recording of the same interview. This police department interview was conducted at the urging of the district attorney due to the poor quality of the audio recording (*Ex.* 2) of the earlier February 27, 2006 interview (*see* ECF No. 19-19 at 6) and was intended to be a re-do of the interview that is already in the record (ECF No. 19-24).

As for Exhibit 5, the respondent argues that it is relevant to show that Dassey's confession was reliable. However, the court concluded that the reliability of Dassey's confession was irrelevant. (ECF No. 23 at 74; *Dassey*, 2016 WL 4257386, 29, 2016 U.S. Dist. LEXIS 106971, 90 (quoting *Rogers v. Richmond*, 365 U.S. 534, 544 (1961)). Even if the court of appeals were to disagree with this court's conclusion, the statement was written on March 7, 2006—after Dassey's March 1 confession. In the interim, Dassey was criminally charged and the details of his confession widely publicized. (*See, e.g.*, ECF No. 19-19 at 43-45.) Moreover, Kayla Avery disavowed the statement at trial, testifying, "I -- I kind of made up the statement. And I'm sorry." (ECF No. 19-17 at 13.)

As generally cumulative, and thus in the court's view, largely irrelevant, it might seem a little matter to add exhibits to the record, especially those exhibits to which Dassey does not object. The problem is that reliance upon the court's inherent authority must be reserved for extraordinary circumstances. *See* 20 *Moore's Federal Practice*, § 310.10[5][f] (Matthew Bender 3d Ed.)) ("In extraordinary situations, the circuit court may consider material not presented to the district court when it believes the interests of justice are at stake.") The respondent has failed to demonstrate that this is an extraordinary case. Therefore, the court declines to exercise its inherent authority to expand the record to include documents that this court did not have the opportunity to consider when deciding Dassey's petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that the respondent's motion to supplement the record on appeal is denied.

Dated at Milwaukee, Wisconsin this 12th day of October, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge